No. 6272.

CITY OF NEW ORLEANS VS. ST. CHARLES-STREET RAILROAD COMPANY.

The sole question in this case is whether, under an ordinance adopted November 15, 1865, "for the sale of the right of way on St. Charles street and other streets in the city of New Orleans," and under a contract passed in accordance with said ordinance, the city is bound to exempt the property owned by defendant from taxation. The answer must be in the negative. The city had no authority to exempt property from taxation. It had no power to defeat the command of its creator, the General Assembly, requiring it to levy annually "an equal and uniform tax upon all real and personal property in said city."

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J.* *Samuel P. Blanc*, Assistant City Attorney, for plaintiff and appellant. *Breaux, Fenner & Hall*, for defendant and appellee.

WYLY, J. In defense to the demand for city taxes for the year 1875 defendant "pleads the general denial, and further, specially answering, says that the property upon which the tax herein is claimed is exempt from taxation by the city of New Orleans under the terms of the contract

between defendant and said city." The taxes are upon certain real estate owned by the defendant and used as depots for its street cars.

Defendant acquired the contract from Nicholson & Co., who contracted for the privilege of running street cars with the mayor of New Orleans, under an ordinance adopted on the eleventh of November, 1865, "for the sale of the right of way to establish a railroad on St. Charles and other streets in the city of New Orleans." This ordinance provides for the sale of the right of way for a period of twenty years, and "on the expiration of the lease, the road, rolling-stock, equipments, depots, and fixtures to be taken by the city at an appraised valuation." * * * "That the said Nicholson & Co. shall pay nine sixteenths of one per cent for each passenger carried as a bonus for the privilege given." * * * Also, "that for and in consideration of the bonus aforesaid, the contractors shall be exempt from all taxation upon the value of the track, rolling-stock, equipments, and depots."

The theory of the defense is that the bonus stipulated in the ordinance and contract is a substitute for city taxes, or a commutation of taxes.

To this the answer is, the municipal corporation can only exercise powers delegated to it by the State; and in the case at bar the power to commute taxes was not given to the city of New Orleans, and all parties dealing with the city are charged with notice of the extent of the powers it possesses. So far from granting power to commute taxes, the charter of 1856, in force when the ordinance in question was adopted, declares that "all real and personal property within the city of New Orleans, whether owned by individuals or corporations, shall, for the purposes of this act, be liable to taxation." * * * Also, that the city shall levy annually "an equal and uniform tax upon all property real and personal in said city." No act or contract of the city of New Orleans could defeat the expression of legislative will contained in the clauses of the charter quoted.

What effect the enforcement or collection of taxes by the city may have on the contract made with Nicholson & Co., now owned by defendant, or whether it will impair its validity or not, is a question not before the court.

As the defendant fails to show it paid the bonus for 1875, the question is not presented whether the city is entitled to the taxes of 1875, and also to keep the bonus received for that year.

The sole question is, is the city of New Orleans bound by the ordinance and contract in question to exempt the property owned by defendant from taxation? We say no. The city had no authority to exempt property from taxation. It had no power to defeat the commands of its creator, the General Assembly, requiring it to levy annually "an equal and uniform tax upon all real and personal property in said city."

It is therefore ordered that the judgment herein in favor of defendant be annulled, and it is decreed that the city of New Orleans recover of defendant three hundred and twenty dollars for city taxes for 1875, with privilege on the property described in this case, and interest from judicial demand as allowed by law. It is further ordered that defendant pay costs of both courts.

MORGAN, J., *dissenting*. The agreement between the city and the railroad company was that in consideration of the company accounting to the city a bonus of nine sixteenths of one per cent for each and every passenger carried the company was to be exempted from all city taxation upon the value of the track, rolling-stock, equipments, and depots. The city brings suit to recover taxes on the company's real estate, which, as I understand it, comprises its depots. I think there is a contract between the city and the company which prohibits this, and I do not think that the city should be permitted to violate it. If the company has paid its bonus, and is now compelled to pay a tax, it will have to pay two taxes. One, I think, is enough.

I think this case is governed by the case of the Louisiana State Lottery Company vs. the City, 24 An. 86, and that case stands on authority which, to my mind, is entirely satisfactory.

I think the judgment of the district court should be affirmed.

I therefore dissent.

Rehearing refused.