Lancaster v. Clayton, &c.

CASE 53—PETITION EQUITY—DECEMBER 3.

## Lancaster v. Clayton, &c.

APPEAL FROM SCOTT CIRCUIT COURT.

1. THE LEGISLATURE MAY CONFER THE TAXING POWER UPON MUNICIPALITIES in such manner as it deems expedient, but it cannot confer any greater power than the State itself possesses, and must observe the restrictions and limitations of the organic law.

2. EXEMPTION FROM TAXATION—PUBLIC SERVICE.—The Legislature cannot exempt property from taxation save in consideration of public service, and in determining what constitutes a public service the true test is, is the object of such a character that the municipality, in the exercise of a governmental function, can aid it. This test, however, does not apply to educational, religious and benevolent institutions,

86  373
89  452
86  373
106  172
86  373
119  717

Lancaster v. Clayton, &c.

the property of which the Legislature may exempt, although, as to some of them, a tax could not be levied for their support.

3. SAME.—Whatever directly promotes individual interest, although it may also tend incidentally to the public welfare, is essentially a private and not a public object, and it is the essential character of the object of the expenditure, and not the degree of the incidental public benefit, which must determine the validity of the tax.

4. SAME.—The fact that one, in order to conduct a particular business for his own profit, must comply with certain regulations or submit to certain rules of law, does not so far render him the ward of the government that the exercise of the taxing power can be invoked in his behalf.

5. AN AGREEMENT BY A CITY TO EXEMPT A HOTEL FROM TAXATION, when built, can not be enforced, although the hotel was built upon the faith of the city's agreement. The exemption not being in consideration of public service, is not valid.

D. W. LINDSEY FOR APPELLANT.

The exemption of property from taxation is a question of policy and not of power. (State Bank of Ohio v. Knopp, 16 Howard, 382; Livingston v. Darlington, 101 U. S., 409; Barbour v. Board of Trade, 82 Ky., 645.)

OWENS & FINNELL FOR APPELLEE.

1. A board of trustees of a town can not bind its successors by an ordinance exempting property from taxation. (Mott v. Penn. R. R. Co., 72 Am. Dec., 671.)

2. There is no constitutional power to exempt from taxation an enterprise primarily conducted for the benefit of an individual—as there is no constitutional power to levy a tax for such purpose. (Loan Association v. Topeka, 20 Wall., 655; Jenkins v. Anderson, 103 Mass., 74; Curtis v. Whipple, 24 Wis., 350; Allen v. Inhabitants of Jay, 60 Me., 124; Weeks v. Milwaukee, 10 Wis., 242; Commercial Bank v. City of Iola, 2 Dillon, 353; Barbour v. Board of Trade, 82 Ky., 645.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, George Lancaster, proposed to the board of trustees of the town of Georgetown to erect at said place a fine hotel, costing not less than a certain sum, if they would exempt the property from the payment of town taxes for ten years. The offer was submitted to a vote of the people, and a majority favoring

it, the proposal was accepted by the board, and, there-upon, the hotel was built. The following year, however, they had it assessed for such taxes, and the appellant now seeks to enjoin their collection.

The contract and its performance upon his part are admitted. There is no doubt of the morality of his claim to the exemption ; but even a court of equity can not enforce a merely moral obligation. The legal-ity of the contract must be considered, because the ap-pellee has the right to insist upon its strict legal rights.

Section 3, article 1, chapter 92 of our General Stat-utes provides : "All property, real and personal, within this State, not herein expressly exempt by law, shall be assessed, as nearly as practicable, according to a uniform rate, in the manner hereinafter provided."

The charter of the appellee authorizes its board of trustees to assess and levy annually a tax upon all the real estate in the town ; makes it the duty of the assessor to list all that is liable to taxation ; and vests the board with the control of the fiscal matters of the town. (Acts 1879, vol. 1, p. 357.)

No power to exempt property from taxation is at-tempted to be given in express words. We shall, how-ever, waive the question whether this has been done by implication, and proceed to a consideration of the power to do so, even with attempted legislative sanction, in a case like this one. Mr. Dillon says: " In the absence of special constitutional restriction, the Legislature may confer the taxing power upon municipalities in such measure as it deems expedient; in other words, with such limitations as it sees fit as to the rate of taxation, the purposes for which it is authorized, and the objects

(that is, the property) which shall be subjected to taxation ; but it can not, of course, confer any greater power than the State itself possesses, and must observe the restrictions and limitations of the organic law." (2 Dillon on Municipal Corporations, section 590.)

Our State Constitution has no provision as to taxation *eo nomine;* but the first section of the Bill of Rights says: "That all freemen, when they form a social compact, are equal ; and that no man, or set of men, are entitled to exclusive, separate public emoluments or privileges from the community, but in consideration of public services."

It is a "public privilege" to be exempt from taxation; and as the Legislature can only authorize the imposition of a tax when it is for a public purpose, so, as a general rule, it also passes its constitutional limit when it attempts to confer exemption from taxation save in consideration of public service. It may, however, exempt the property of educational, religious and benevolent institutions, although, as to some of them, a tax could not be levied for their support; and it may do so, because if any portion of the public expenses were imposed upon them, it would generally have to be collected from the citizens before it could be paid, and, moreover, these institutions so serve the State that its policy and interest require their encouragement. The courts will not inquire as to the extent of the public service upon which the Legislature has based an exemption. Indeed, they have no power to do so, but only whether the privilege has been given in consideration of such service. If so, it is then a question of policy and not of legislative power.

The burden of taxation is justly a common one. Its object is to provide means for the protection and benefit of all; and this being so, all should help to bear it. An exemption to one person is but additional burden to another. To take from one and give to another under the guise of taxation is, indeed, but robbery under a legalized form, and counter to the spirit and genius of our system of government. It is true, the taxing power is a broad and liberal one, and properly so. It extends aid to public schools, because education is a public purpose; to roads, because they are necessary for travel; for police purposes, to preserve the public peace—in short, for all purposes which, in a liberal sense, can be considered public. It can not be used, however, to take from one person his property and give it to another one more favored, and this, too, although it may incidentally benefit the community.

The incidental benefits of capital do not authorize partial taxation. Thus it was vitally necessary to the commercial prosperity of the city of Boston, after the great fire of 1872, that it should be rebuilt; but it was held in Lowell v. Boston, 15 American Reports, 39, that its inhabitants could not be taxed to raise money to loan to the sufferers to enable them to rebuild.

Whatever directly promotes individual interest, although it may also tend incidentally to the public welfare, is essentially a private and not a public object; and it is the essential character of the object of the expenditure, and not the degree of the incidental public benefit, which must determine the validity of the tax. For this reason the Legislature can not consti-

tutionally authorize a municipality to loan its credit to those who, in consideration thereof, will engage in manufacturing for their individual benefit ; and it was therefore held in Allen v. Jay, 60 Me., 124, that the inhabitants of a town could not be taxed to raise money to give or loan to those who, for their own benefit, proposed to erect a saw-mill, although it was desirable for the public interest that it should be done.

To the same effect is the Commercial Bank v. City of Iola, 2 Dillon, 353 ; and Curtis' Adm'r v. Whipple &c., 24 Wis., 350.

It certainly will not be questioned that a municipality cannot be empowered to raise money by taxation to be given away, unless for charity or benevolent purposes of a public character. Such legislation would, beyond question, be unconstitutional. If it can do so to give to A, then B is equally entitled to it ; and the minority is at the mere mercy of the majority, without any legal rule to protect them. No such unlimited power exists under our form of government. Now, the remission of the tax due from a tax-payer is but a gift to him. The effect is the same. It releases him from it, and puts it upon his neighbor. It makes no difference to B, whether the municipality gives A so much of its funds, or releases him from the payment of that much due from him to it. It is partial legislation of the worst character, because it relates to the high governmental power of taxation.

For the same reason, therefore, which forbids a municipality from loaning its credit or giving its funds to individuals for private purposes, although resulting incidentally to the public good, it was held in the case

of the Brewer Brick Co. v. Brewer, 62 Me., 62, that no legislative sanction could authorize the town to grant an exemption from taxation to an individual carrying on a business for private gain, although the community were thereby incidentally benefited.

It is urged, however, with zeal and ability, by the counsel for the appellant, that the building of the hotel was not only a public benefit, but that an innkeeper is under public control and renders a public service; and is, therefore, within the saving of the constitutional provision above cited.

Taxes are burdens imposed by the Legislature for public purposes. There can be no lawful tax save for a *public* purpose.

It is often difficult to draw a line showing clearly the degree of benefit the public must derive from an enterprise in order to sustain an exercise of the taxing power in its favor.

So, too, we finally reach a point where it is troublesome to distinguish what is a public purpose from that which is essentially for private benefit.

Is the object of such a character that the municipality, in the exercise of a governmental function, can aid it? This is the true test of legislative power to exempt, subject, however, to exceptions of the character above indicated.

The keeping of a hotel is essentially a private business, conducted for private gain. It is true the innkeeper must have a license, and in the absence of some good excuse, such as lack of room or the like, must entertain all who conduct themselves properly and are apparently able to pay for it. But the fact that one,

in order to conduct some particular business for his own profit, must comply with certain regulations or submit to certain rules of law, does not so far render him the ward of the government that the exercise of the taxing power can be invoked in his behalf. Certainly a tax could not be constitutionally levied to aid one in building or conducting a hotel; and to exempt the keeper from the payment of the tax thereon is but doing indirectly what cannot be done directly. It is unlike a State educational institution, or one created by law for the education of the people generally, because it is a mere private undertaking.

In the case of Weeks v. City of Milwaukee, 10 Wis., 242, the city authorities attempted to exempt a hotel from city taxation, "in view of the great public benefit which the construction of the hotel would be to the city," as they declared in their ordinance.

The claim to exemption was refused, however, by the Supreme Court of that State, upon the ground that it was beyond the limit of legislative power to do so. Indeed, the claim to such favor by reason of such partial legislation was treated with little favor; and this case was approved in Brewer Brick Co. v. Brewer, *supra*.

In the case of the Loan Association v. Topeka, 20 Wall., 655, where the question was whether a city could loan its credit to a manufacturing enterprise, and then use the taxing power to meet the liability thus incurred, Justice Miller said: "If it be said that a benefit results to the local public of a town by establishing manufactures, the same may be said of any other business or pursuit which employs capital or.

labor. The merchant, the mechanic, *the innkeeper*, the banker, the builder, the steamboat owner, are equally promoters of the public good, and equally deserving the aid of the citizens by forced contributions."

The enterprise in which the appellee invested his means was primarily for private gain; and under the test above indicated, it must fall within the general law applicable to all alike.

Judgment affirmed.