Commonwealth v. Steele.

---

CASE 6—INDICTMENT—FEBRUARY 28.

## Commonwealth v. Steele.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. BRIBERY.—One who bribes another to vote in a particular way at an election held to take the sense of the voters of a precinct as to the sale of liquor therein is guilty of bribery under sec. 1587 of the Kentucky Statutes.

2. SAME.—To constitute the offense of bribery the person receiving the reward, benefit or advantage must be influenced or be intend-

ed to be influenced thereby not merely to vote at an election, but to vote for a particular candidate or ticket, or upon a particular side of a question submitted, and the indictment must be direct and certain as to that matter. It is, therefore, not sufficient to allege that the defendant bribed a named person to vote at an election by paying him a certain amount and that the person named voted as requested in consideration of the amount paid, as it is only an inference that the person named was bribed to vote on a particular side of the question submitted, or to do any-. thing more than to exercise his right of suffrage.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

R. C. WARREN FOR APPELLEE.

The indictment is bad. It is not alleged that George Carpenter was a legal voter and authorized to vote at an election duly and legally held. And it is not alleged that by reason of any action of appellee he voted differently from the way he had intended to vote. (Commonwealth v. Selby, 87 Ky., 595.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee was indicted for bribing another to vote at an election, the particular circumstances of the offense being stated as follows: "That said J. F. Steele  *   *   *   *   did unlawfully and wilfully bribe G. W. Carpenter to vote in an election by paying said Carpenter one dollar, which he received and voted as requested by said Steele, in consideration of said one dollar." It is further stated that the election was held, at a time and place mentioned, for taking sense of the legally qualified voters of a precinct named upon the proposition whether spirituous, vinous or malt liquors should be sold therein; and that said G. W. Carpenter at the time was a legal voter in that precinct.

Sec. 1586, being part of chap. 41, title "Elections," Ky. Stat., provides that "any person guilty of receiving a bribe for his vote at an election, or for services or influence in procuring a vote or votes at an election, shall be fined from

fifty to five hundred dollars and be excluded from office and suffrage."

Sec. 1587 is as follows: "Whoever shall bribe another shall, on conviction, be fined from fifty to one hundred dollars, or imprisoned from ten to ninety days, or both so fined and imprisoned, and be excluded from office and suffrage."

According to sub-sec. 1, sec. 1586, "bribe" or "bribery" means "any reward, benefit or advantage present or future to the party influenced or intended to be influenced, or to another at his instance, or the promise of such reward, benefit or advantage." And sec. 1437, same chapter, provides that the word "election," wherever used therein in reference to a State, district, county or municipal election, "shall be deemed to include the decision of questions submitted to the qualified voters as well as the choice of officers by them."

In our opinion the election referred to is within purview of that chapter, and there is stated in the indictment the essential facts that election was legally held and said Carpenter was then a qualified voter and entitled to vote at it.

But it seems to us the acts as stated in the indictment do not constitute a complete offense under the statute. For the mere statement that accused did bribe G. W. Carpenter to vote in an election by paying one dollar, fairly and properly means no more than that he was bribed to do what he had the legal and moral right and it was his duty as a citizen to do. Nor do the concluding words of the sentence: "and voted as requested by said Steele in consideration of said dollar," convey an additional or other idea than he was influenced by the considerations paid to simply exercise his right of suffrage. Manifestly to constitute the offense of bribing another, in meaning of the statute, the fact must be stated in the indictment that the party receiving the re-

ward, benefit or advantage was influenced or intended to be influenced thereby not merely to vote at an election, but to vote for a particular candidate or ticket of candidates for offices named, or upon a particular side of a named question submitted to qualified voters.

It perhaps might be reasonably inferred from what is stated in the indictment that G. W. Carpenter was influenced by the money paid and received to vote on one side or other of the proposition submitted, though whether in the affirmative or negative is not stated; but the particular circumstances of an offense charged can not be left for inference; for an indictment is required by Criminal Code to be in that respect direct and certain.

Wherefore, the judgment sustaining demurrer to the indictment is affirmed.