CASE 8—AGREED CASE BETWEEN H. M. BOSWORTH, SHERIFF, AND THE KENTUCKY CHAUTAUQUA ASSEMBLY, FOR THE PURPOSE OF DETERMINING WHETHER THE PROPERTY OF SAID ASSEMBLY IS SUBJECT TO TAXATION—NOV. 26.

# Bosworth, Sheriff, v. Kentucky Chautauqua Assembly.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR THE ASSEMBLY AND BOSWORTH APPEALS.   REVERSED.

TAXATION—EXEMPTION OF INSTITUTION OF EDUCATION.

Held:    Under Const., sec. 170, exempting from taxation "institutions of purely public charity and institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education," the property of the Kentucky Chautauqua Assembly is not exempt from taxation, as the sessions of the assembly last but a few days in the year, and its purposes are social as well as educational, and it is besides used and employed for gain by persons who hold certificates of stock in the corporation, and who, though they may not receive dividends in money, do so in the way of free tickets to meetings of the assembly.

W. P. KIMBALL, ATTORNEY FOR APPELLANT.

This case comes up on an appeal from the judgment of the Fayette circuit court enjoining the collection of State and county taxes for the year 1899, on the real estate owned by appellee in the city of Lexington, Ky.

Appellee claims exemption from taxation upon the ground that it is "an institution of purely public charity," and "an

Bosworth, Sheriff, v. Kentucky Chautauqua Assembly.

institution of education, not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education."

The agreed facts fail to disclose the slightest semblance of charity, either public or private, and I will- not take up the time in discussing this feature of the case. And I think it is equally apparent that it is not exempt on the educational plea.

The word "education," as used in the Constitution, sec. 170, certainly has a broader meaning than the holding of the Chautauqua meeting, which lasts about ten days out of the 365 of each year. The framers of the Constitution evidently had in mind institutions like colleges, academies, and schools where a course of instruction is carried on for nine or ten months in the year, and giving the attendants what is regarded as an education.

The best that can be said of the appellee is, that it is an association for mutual social enjoyment and improvement, in which others may participate by paying, while the stockholders and their families are exempt from payment of fees for attending the meetings of the assembly.

And this is certainly "gain" within the meaning of the Constitution, and these free tickets of admission to the stockholders are in lieu of dividends on stock.

J. H. BEAUCHAMP, ATTORNEY FOR APPELLEE.

This action was submitted on an agreed statement of facts, which are made part of the joint petition filed.

The learned chancellor of the lower court took under careful consideration the charter of the assembly. Local and Private Acts 1887-8, p. 48; Trustees Ky. Female Or. School v. City of Louisville; Same v. Bell, Sheriff, 100 Ky., 470; City of Louisville v. Baptist Seminary, 100 Ky., 506; City of Louisville, &c. v. Nazareth Academy, 100 Ky., 518; and, according to the rule clearly defined in said cases, adjudged that appellee's property was exempt.

We submit that the nature, designs and practical workings of appellee clearly establish it to be such a moral, religious and educational institution, without gain or profit to any person or corporation, as to bring it fully within the constitutional exemption.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

The Kentucky Chautauqua Assembly was incorporated under an act approved January 25, 1888. 1 Acts 1887-88 (Private Acts) p. 48. It was organized under the charter

in 1888, and is now operating under it. It owns 22 acres of land, partly within and partly without the corporate limits of the city of Lexington. It has buildings upon the land, which are used for the purposes of the organization. Between sessions of the assembly, which seems to last but a few days in the year, one of the buildings is rented for school and residence purposes, and one for public meetings; and the proceeds arising therefrom are put into the general fund, and used only for the conduct of its business, no dividend having been paid to any of the incorporators, and the income is not sufficient to meet the necessary expenses of the assembly. It is claimed that the property of the assembly is exempt from taxation by virtue of section 170 of the Constitution. The part of the section which is pertinent to the inquiry under consideration reads as follows: "There shall be exempt from taxation . . . institutions of purely public charity, and institutions of education not used or employed for gain by any person or corporations, and the income of which is devoted solely to the cause of education." There are no facts admitted or proven which show that it is an institution of purely public charity. If it is exempt at all, it is because it belongs to a class of "institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education." The language of the section quoted certainly does not embrace an institution like this. It is not such an institution of education as was intended to be exempt from taxation by the Constitution. It is used for social as well as educational purposes. It is conducted for that purpose by the Kentucky Chautauqua Assembly but a few days in the year. While the income from it may be so meager that no profits are accumulated, still that

does not place it in the category of "institutions of edu-cation." The framers of the Constitution evidently had in mind institutions of education, such as colleges and schools, which are organized for the purpose of affording those desiring to acquire an education an opportunity to do so. They meant institutions that were officered in the usual way, and employing corps of professors or teachers to furnish instruction to the students in attendance. If it is an institution of education, it is not exempt from taxation because it is used and employed for gain by per-sons who hold certificates of stock in the corporation to such an extent that it would not be entitled to exemption from taxation, for under section 5 of its charter it is pro-vided that a "holder of a certificate of membership is to be entitled to two season tickets to all meetings of the as-sembly free of charge (said tickets to be issued to members of one immediate family only); and, if the holder thereof is married, the husband and wife and their children under twelve years of age also free; and, if the holder is a widow or widower, the children of like age, as above stated, free of charge." The holders of certificates of stock may not receive dividends in money, but they do in the way of free tickets. In view of this fact, it could not be said to be an institution of education, not used or employed for gain. We do not think this opinion is in conflict with the cases of Trustees of Kentucky Female Orphan School v. City of Louisville, 100 Ky., 470 (19 R., 1091), 36 S. W., 921, 40 L. R. A., 119; City of Louisville v. Southern Baptist Theolog-ical Seminary, 100 Ky., 506 (19 R., 1100), 36 S. W., 995; City of Louisville v. Board of the Nazareth Literary & Benevolent Institution, 100 Ky., 518 (19 R., 1102), 36 S. W., 994.

The judgment is reversed for proceedings consistent with this opinion.