CASE 92—ACTION BY THE CITY OF DAYTON AGAINST THE BELLEVUE
WATER AND FUEL GASLIGHT CO., TO RECOVER TAXES.—MAY 13,
1902.

(Omitted in former reports.)

# City of Dayton v. Bellevue Water and Fuel Gaslight Co.

APPEAL FROM CAMPBELL CIRCUIT COURT—JOHN T. HODGE, CIRCUIT
JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—POWER TO GRANT EXEMPTION FROM TAX-
ATION.

Under the constitution in force in 1888, a city, though empowered
by its charter to contract with a water company for water for
fire and domestic purposes, had no authority, as a part of the
consideration of the contract, to grant the company an exemp-
tion of its property from taxation.

CHAS. W. YOUNGBLUT, FOR APPELLANT.

## QUESTIONS DISCUSSED AND AUTHORITIES.

1. A municipal corporation has no inherent power to exempt
property from taxation by contract or otherwise. Cooley, Taxn.,
200; Dillon, Mun. Corp., sec. 776; Lancaster v. Clayton, 86 Ky.,
373; Whiting v. Town of W. Point, 15 Ky. Law Rep., 860; City
of Tampa v. Kannitz, 63 A. S. R., 222; City of Austin v. Austin
G. L. & C. Co., 69 Texas, 180.

2. Exemption clause in contract does not form part consider-
ation for water furnished city for fire purposes only, and the
cases of the City of Frankfort v. Capital G. & E. L. Co., 16 L.
R.. 780, and Grant v. City of Davenport, 36 Iowa, 396, do not
apply. Lancaster v. Clayton, &c., 86 Ky., 373.

3. The taxes sued for were assessed and levied under laws
governing cities of the fourth class. The contract involved is
something entirely independent of the power to tax. The
breach of an independent contract or agreement can not be
plead in bar of an action for the collection of taxes. Hamilton
v. Home Insurance Co., 137 U. S., 370-386; Saunders v. Beal's
Administrator, 4 Bibb, 342; Louisville Water Co. v. Hamilton,

City of Dayton v. Bellevue Water and Fuel Gaslight Co.

81 Ky., page 517; Louisville Water Co. ads. Clerk, 90 Ky., 519; Grant v. Davenport, 36 Iowa, 396.

M. HEROLD, FOR APPELLEE.

## AUTHORITIES CITED.

1. The city had power conferred upon it to contract for water, in unqualified terms, and thereunder had the power to make the taxes part consideration for the water furnished it for public purposes. Session acts of 1887 and 1888, vol. 2, page 803; Constitution of 1850, art. 13, sec. 1; Atlantic City Water Co. v. Atlantic City, 48 N. J., 378; Board of Council v. Capital Gas Co., 16 L. R., 780; Lancaster v. Clayton, 86 Ky., 373.

2. It is a public service to provide water for security against fire, etc. Owensboro v. Commonwealth, 20 L. R., 1281; Nicholasville Water Co. v. Nicholasville, 18 L. R., 593; Newport v. Newport Light Co., 84 Ky., 175; Franks v. Paducah Supply Co., 88 Ky., 471.

3. The contract is not an exemption, but a fixing of the price of water furnished it. Board of Council v. Capital Gas Co., 16 L. R., 780; Grant v. Davenport, 36 Iowa, 396; Bartholemew v. Austin, 29 C. C. A., 568; Portland v. Portland Water Co., 67 Me., 135; Utica Water Works v. Utica, 31 Hun., 431; Ludington Water Co, v. Ludington, 119 Mich., 480.

4. The city having accepted the water under the contract must pay for same as stipulated in the contract or its equivalent. Nicholasville Water Co. v. Nicholasville, 18 L. R., 592; New Orleans v. New Orleans Water Co., 36 L. An., 432.

5. The parties construed the taxes to be part of the consideration and this construction governs. Board of Council v. Capital Gas Co., 16 L R., 780; Louisville Turnpike Co. v. Shadbourne, 1 L. R., 325.

6. The company can plead the contract as a defense and is not relegated to an independent action. Civil Code, sec. 95, subsections 2 and 3; Anderson County Court v. Stone, 18 B. Mon., 854.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

By an amendment to the charter of the city of Dayton approved April 9, 1888, the city council were authorized and empowered to contract for a supply of water for domestic, fire and general purposes, and for that purpose were authorized to grant any person or corporation the right to lay

pipes and maintain fire plugs for any period of time they saw fit in the streets of the city of Dayton, and were authorized to levy and collect a tax to meet the obligations so incurred. By virtue of this amendment the city of Dayton, by its president and board of council, on the 24th of May, 1888, entered into a contract in writing with G. R. Harms, in which he agreed for himself and his assigns, to lay water mains in the streets of the city of Dayton, and erect sixteen fire hydrants, and to furnish the city water for fire purposes, and that he would furnish consumers of water the same pressure, and under the same conditions, as received by the city of Newport. In consideration therefor the city of Dayton agreed to pay an annual rental of $45 per annum for each of the sixteen fire hydrants so erected, for a term of five years, and after five years the annual rental should be $30 per annum, until 100 hydrants were erected, when the annual rental for each fire hydrant was to be reduced to $25 per annum. The city also agreed that the property used in the construction of the works should be exempt from all city taxes, and that the contract should be in force for a period of twenty-five years from the date thereof, and Harms' rights under the contract were to be exclusive for a period of twenty-five years. Harms assigned the benefit of this contract to the Bellevue Water & Fuel Gaslight Company, who performed the conditions of the contract. In June, 1899, the city of Dayton brought this suit against the water company to recover the taxes which had been assessed by the city against the property of the water company within the corporate limits for the years 1894, 1895, 1896, 1897 and 1898. The water company denied their liability for the taxes sued for, because of the provision of the contract between the city and Harms exempting their property from city taxes. The city interposed a general demurrer to this plea, which was overruled.

They thereupon filed a reply, in which they pleaded that the exemption from taxation contained in the contract was one which the city had no power or authority to make, and was void. They also pleaded that it was without consideration. A general demurrer was sustained to each paragraph of the reply, and appellant declined to plead further. The circuit court rendered a judgment dismissing the petition, from which this appeal is prosecuted.

The power of the Legislature, under the Constitution in force at the time this contract was made, to exempt real estate owned by municipalities or other corporations from taxation, and to empower municipalities to grant such exemptions, has been frequently considered by this court; and it has been uniformly held that the Legislature could only exempt property from taxation in consideration of public services, unless it be of a benevolent, educational or charitable character. In Barber v. Board, 82 Ky., 645, 6 R., 769, the general assembly had exempted the real estate held by the Louisville Board of Trade from taxation, and it was held to be in conflict with the first section of the thirteenth article of the Constitution, which provided "that no man or set of men are entitled to exclusive, separate public emoluments or privileges from the community but in consideration of public service." Judge Hines states this doctrine in these forcible words: "The power of taxation grows out of the necessity to preserve the government by laying the common burden upon every citizen enjoying its protection of life, liberty and property, and is limited in its nature to objects that are public, as distinguished from those that are personal or private in their character." In Lancaster v. Clayton, 86 Ky., 373, 6 R., 611, 5 S. W., 864, an agreement by a city to exempt a hotel from taxation was held void, although the hotel was built upon the faith of the city's agree-

ment; the agreement not being in consideration of public services. In the case of Com. v. McKibben, 90 Ky., 384, 12 R., 474, 14 S. W., 372, 29 Am. Rep., 382, it was held that a waterworks plant constructed and operated by a city was not necessary for carrying on its municipal business as a political power, and that the act of the Legislature exempting such property from taxation was unconstitutional. The rule laid down in that case as to exemptions is as follows: "The true test is, has the Legislature the constitutional power to authorize the direct payment for the services? If not, she can not exempt property from taxation." It is clear from this case that the general assembly could not have authorized the city of Dayton to have exempted the property of appellee from taxation. But there is nothing in the act empowering the board of council of Dayton to contract for water for fire and domestic purposes which authorized them, either expressly or by implication, to exempt appellee's property from taxation. But it is urged that this provision of the contract is not really an exemption from taxation, but a part of the consideration which entered into the contract between the parties, and is, for this reason, not in conflict with either the letter or spirit of the Constitution. This proposition we think, unsound. As said by the Supreme Court of Louisiana in the City of New Orleans v. St. Charles St. R. Co., 28 La. Ann., 498: "The power to commute taxes is an incident of the power to exempt, and, when the latter does not exist, the incidental power must be denied." We are aware that in Board of Councilmen of City of Frankfort v. Capital Gas & Electric Light Co., 16 R., 780, 29 S. W., 855, it was held that where the city was authorized to sell its gas plant, it might, to induce a purchaser to agree to pay a certain price for the works, and to supply the city and its inhabitants with gas at a certain rate, agree that the plant

should be exempted from the payment of city taxes. The facts in that case were peculiar, and distinguished from those in the case at bar. There the contract expressly provided that the exemption was in part consideration for lighting the streets of the city, and it was further stipulated, in the event the exemption was found to be invalid, that all sums the company was required to pay for taxes should be added to the sum stipulated to be paid for lighting the streets. This court is not disposed to carry the doctrine announced in that case any further, especially as it seems to us to be in conflict with the universal trend of modern authorities on this subject, and the provisions of our present Constitution. See section 170. In our opinion, the provision of the contract exempting appellee from taxation was in excess of the power of the council, and illegal.

For reasons indicated, the judgment is reversed and cause remanded, with instructions to overrule the demurrer to the reply, and sustain the demurrer to the first paragraph of the answer.