CASE 38.—ACTION BY COMMONWEALTH BY AUDITOR'S AGENT AGAINST THE TRUSTEES OF HAMILTON COLLEGE FOR TAXES.—April 16.

# Commonwealth v. Trustees Hamilton College

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment    for    defendant.    Plaintiff    appeals. Affirmed.

Taxation—Educational Institutions—Leased Property—Const. sec. 170, exempts from taxation, property of educational institutions not used or employed for private gain, but the income of which is devoted solely to the cause of education.   Held that the words "private gain" had reference only to the gain of the person, corporation, or stockholders owning the property, and hence college property was not rendered liable for taxation, because the trustees leased it to a person who maintained a school therein for a profit, the rentals derived by the trustees being wholly applied to the cause of education.

. HAWKINS & WILLIAMSON for Appellant.

SYNOPOSIS AND AUTHORITIES CITED.

1.   Taxation is the rule, exemption the exception.   (Ky. Constitution 174).

2. All acts, general or special, granting immunity from taxation are to be strictly construed against the grantee. (6 Ky. Law Rep., 495 and 773; 12 Ky. Law Rep., 398).

3. The grant must be supported by the consideration of public service, and unless the legislature may lawfully aid by appropriation, it cannot grant exemption. (Ky. Constitution 3 and 189; Cooley on Taxation, p. 148; 6 Ky. Law Rep., 775; Philadelphia v. Overseers Public Schools, 29 L. R. A., 600).

4. The use, not the ownership is the determinate factor. (66 S. W., 32).

5. The property of an eleemosynary institution is exempt from taxation, even though it be rented out for commercial purposes, provided the income derived is used to support the institution as such in its work. but where the institution itself is leased and used by another for gain its eleemosynary character is lost and its property becomes the subject of taxation. (State ex rel Hammer v. Magurn, 86 S. W., 138 (Mo. and Ky. Statutes compared).

MAT WALTON and C. J. BRONSTON for Appellee.

## SYNOPSIS.

1. The charter of Hamilton College, admitted by consent as evidence in this proceeding, shows that it is an educational institution not "used or employed for gain by a corporation, and the income of which is devoted solely to the cause of education."

2. The "agreed statement of facts" shows that no dividends were ever declared on its Capital Stock by appellee and that none of its officers or stockholders ever received any personal profit from the rental or other revenue derived from said school or property, and that all of said rents and revenues have been used during its entire history in paying the interest on its mortgage debt and for maintaining the College and for the repairs and betterment of its property.

3. The words "private gain" as used in the Constitution has reference to gain by the corporation, or some personal profit to the stockholder, and not gain by a lessee and, if the facts show that the entire income was used purely for educational purposes, it is exempt from taxation.

## AUTHORITIES CITED.

Section 170, Constitution of Kentucky, sec. 51, Constitution

cf Kentucky; section 37, Third Constitution of Kentucky; Ky. Female Orphan School v. City of Louisville and .Ky. Female Orphan School v. Bell, Sheriff, 19 Ky. Law Rep., 1091; City of Louisville v. Southern Baptist Theological Seminary, and the Southern Baptist Theological Seminary v. Claggett, Sheriff, 19 Ky. Law Rep., 1100; City of Louisville, etc. v. Board of Trustees of Nazareth, Literary and Benevolent Institutions; Same v. St. Xavier's College; Commonwealth, etc. v. St. Mary's College; same v. Loretta, Literary and Benevolent Institution; Board of Education of the Common School District No. 1 of Pike county v. Trustees of the Pikeville Collegiate Institute, 19 Ky. Law Rep., pages 1102, etc.; Henderson v. McCullough, 89 Ky., 448; Commonwealth, by etc., v. Gray, Trustee, 25 Ky. Law Rep., page 52; Commonwealth by, etc. v. Pollitt, 25 Ky. Law Rep., f90; Wathen et al v. City of Louisville, S. W. Rept. page 1195; Kentucky Statutes, section 4026; German Gymnastic Association .v City of Louisville, 80 S. W. Rept., 201; Louisville College of Pharmacy v. City of Louisville, 82 S. W. Rept., 610; Commonwealth by, etc. v. Young Men's Christian Association & The City of Louisville v. the Young Men's Christian Association, 25 Ky. Law Rep., 940; Vanderbilt University v. Chaney, 94 S. W. Rept., 90; section 879, article 8, Kentucky Statutes).

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Affirming.

This is an effort by the commonwealth, through its auditor's agents, to tax the property of Hamilton College for the years 1898 to 1902, inclusive, it being conceded that the property thus sought to be taxed was not assessed or taxed for the years named. The appellee claims that it is exempt from taxation under section 170 of the Constitution, providing in part that "there shall be exempt from taxation * * * institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education." The following agreed state of facts is filed with the record: "It is agreed between the parties hereto that the following facts are to be taken as true in the

consideration of this case:   That during the years·
1898, 1899, 1900, 1901, 1902, and on the 15th day of
each of said years, the property under consideration,
which is sought to be assessed for taxation, was run
by Prof. B. C. Hagerman at a yearly rental of $———,
and that during said years, and on the 15th day of
each of said years, and during the months of January
and June, inclusive, of the year 1903, the said
Hagerman conducted said school as a private enter-
prise, and that he secured therefrom a personal pe-
cuniary profit over and above the rental paid to said
corporation, which profit was used by him for his
own personal benefit.''   It was further agreed that
during the years mentioned, and for many years prior
thereto, ''Hamilton College has never declared any
dividend on its capital stock, and that no one of its
officers or stockholders as such has ever received any
personal profit from the rental or other funds or
revenues derived from said school or property, and
that all said rents or revenues have ———used in
paying interest on the mortgage debt, and maintaining
the school known as Hamilton College, and for the
repairs and betterment of said college property;'' and
that during said years a majority of the stock in the
college was owned by the Kentucky University, which
is purely an educational institution, not used or em-
ployed for gain by any person or corporation, its in-
come being devoted solely to the cause of education.''

Appellant bases its right to tax this institution for
the years mentioned upon the theory that during those
years it was leased to a private individual, who con-
ducted it as a private school, and made for his own
benefit a pecuniary profit therefrom over and above
the amount of rental paid to the trustees of the col-
lege.   It is therefore argued that during those years

Hamilton College was not "an institution of education not used or employed for gain by any person or corporation;" but, on the contrary, was used and enjoyed by an individual who made profit therefrom for his private and personal gain.  And it is said that if educational property used in this manner can be exempted from taxation, that all the private schools and educational institutions in the State now being operated for private gain, and hence subject to taxation, will become incorporated institutions and lease their property to same favored person, the stockholders not deriving from the lease any benefit, but securing by the arrangement exemption of the property from taxation.  For appellee it is said, and the agreed statement of facts show, that no dividend was ever declared on the capital stock of the college, and that none of its officers or stockholders ever received any personal profit from the rental or other revenue derived from the property, and that all the rents or revenues received were used in paying interest on its debts, and for the maintaining and repairing the property, thereby devoting them to the cause of education.  The words "private gain," as used in the Constitution, have reference to gain by the person, corporation, or its stockholders who own the property, and not a lessee.

The constitutional test of exemption from taxation depends, not upon the question whether some lessee of the property makes a profit as a result of his efforts, but whether or not any person or corporation who owns or has a pecuniary or financial interest in the educational institution, derives from it any private gain.  An institution of education not used or employed for gain by any person or corporation owning, holding, or controlling the property, and the income

of which when received by them is devoted to the cause of education, will be exempt from taxation, although the person or corporation who does own it may lease the property to an individual who derives some private gain or profit from the arrangement. If the owner of a private school now subject to taxation should organize a corporation under an arrangement by which the corporation or its stockholders should not receive any profit from the property or the conduct of the institution, but should rent the property to the person who owned it before the corporation was formed, permitting him to make and receive the income, we would have no hesitation in holding that a scheme or device of this character would not be permitted to exempt the property from taxation. But, in the case before us, the arrangement or contract under which the property is leased or managed is free from any suspicion that it was made either to escape taxation or to result in private gain to the real owners of the property. If the trustees of Hamilton College during the years mentioned had not leased the property to Hagerman, but managed and controlled it themselves, it is conceded that it would be exempt from taxation; and the mere fact that it was in good faith, and not with any purpose of obtaining exemption, leased to him during this period, will not affect its status under the revenue laws of the State, or result in causing the property to be assessed for taxation.

The Constitution does not mean that no person connected with an educational institution shall not receive private gain. This interpretation would result in nullifying completely the constitutional provision allowing exemptions to educational institutions; because there are persons connected with every edu-

cational institution in the State in some capacity or
other who receive from it private gain, such as prin-
cipals, teachers, and employes. But, so long as the
institution is not used or employed for gain by any
person or corporation or the stockholders of any cor-
poration who own it, and the income derived from it
is devoted solely to the cause of education, it will be
exempted, although other persons may derive gain
and profit from its conduct and operation. This con-
struction of the Constitution is in entire harmony
with the rulings of this court upon this question.
Trustees of Female Orphans' School v. City of
Louisville, 100 Ky. 470, 36 S. W. 921, 19 Ky. Law
Rep. 1091, 40 L. R. A. 119; City of Louisville v.
Southern Baptist Theol. Sem., 100 Ky. 506, 19 Ky.
Law Rep. 110, 36 S. W. 995; Comth. v. Gray, 25 Ky.
Law Rep. 52, 74 S. W. 702, 115 Ky. 665; Comth.
v. Pollit, 76 S. W. 412, 25 Ky. Law Rep. 790; Com-
monwealth v. Y. M. C. A., 76 S. W. 522, 25 Ky.
Law Rep. 940, 116 Ky. 711, 105 Am. St. Rep. 234;
German Gym. Ass'n v. City of Louisville, 80 S. W.
201, 25 Ky. Law Rep. 2105, 117 Ky. 958, 65 L. R. A.
120, 111 Am. St. Rep. 287; City of Louisville v.
Werne, 80 S. W. 224, 25 Ky. Law Rep. 2196; Louis-
ville College of Pharmacy v. City of Louisville, 82
S. W. 610, 26 Ky. Law Rep. 825. From these vari-
ous decisions it may be gathered that it is the pur-
pose of the State under its tax laws to deal liberally
with and foster and encourage all charitable and edu-
cational institutions when their conduct and operation
does not result in private gain to the persons or cor-
porations or the stockholders therein that own them;
and when all the income derived from educational
institutions is devoted solely to the cause of education.
But the spirit in which this exemption from the bur-

dens of taxation is allowed cannot be trifled wth or evaded by any scheme or device that might defeat the purpose of the exemption, and enable persons owning or having an interest in the institution to reap some private gain or profit from its conduct.

The judgment of the lower court is affirmed.