## Layman Foundation v. City of Louisville et al.

(Decided December 20, 1929.)

JAMES W. GARRISON and HUBBARD & HUBBARD for appellant.

JOSEPH E. CONKLING for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Layman Foundation, a Tennessee corporation, claims exemption from taxation under section 170 of the Constitution of the state, upon the ground that it is an "institution of purely public charity" and an "institution of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education." The lower court denied the relief sought, and the Layman Foundation has prosecuted an appeal. The charter of the corporation thus defined the purposes for which it was organized:

"(1) The support of public worship, the building and maintenance of churches, parsonages, schools, hospitals, chapels, and such other religious, educational, or benevolent institutions as may be necessary or proper to the work of missionary

bodies in the United States or in any foreign country, and the maintenance of all missionary undertakings.

"(2)   The support of any benevolent or charitable undertaking, as a lodge of Masons, Odd Fellows, hospitals for the sick, houses of refuge or correction, orphan asylums and all other objects of like nature.

"(3)   The support of any literary or scientific undertaking, as a college or university, with powers to confer degrees; an academy; a debating society; lyceum; the establishment of a library; the support of a historical society; the organization and support of battlefield associations; the promotion of painting, music, or the fine arts; the support of boards of trades or chambers of commerce, or other objects of like nature.

"(4)   The support and encouragement of agriculture, horticulture, and the mechanic arts, as agricultural, horticultural societies, or societies for the promotion of the mechanic arts, fairs, granges, and associations of like nature, including associations for improvement of the blood of stock, or other objects of like nature."

There is a provision also to the effect that the general welfare of society and not individual profit is the object for which the charter was obtained, and that the members are not stockholders in the legal sense of the term.   No dividends or profits are divided among or distributed to the members.   It was alleged that the property in Louisville which it sought to have exempted from taxation was used and occupied by the Rural Educational Association for the purposes of assisting in furthering the religious, scientific, and educational principles of the institution.   The income derived from the use of the property in which a cafeteria is conducted is applied to the purposes for which the corporation was created by donating it to a school in Tennessee and to another Tennessee corporation which carried on the work.   None of the charitable or educational work of the corporation, if it was such, was carried on for the service of the people of Kentucky.   It is therefore unnecessary to determine whether the particular institution is one of education or charity within the meaning of our Constitution as defined by the decisions dealing with that

question. City of Louisville v. So. Baptist Theological Seminary, 100 Ky. 506, 36 S. W. 995; Trustees, etc., v. City of Louisville, 100 Ky. 470, 36 S. W. 921, 40 L. R. A. 119; Com. v. Gray's Trustee, 115 Ky. 665, 74 S. W. 702; Louisville College of Pharmacy v. City of Louisville (Ky.) 82 S. W. 610; German Gym. Ass'n v. Louisville, 117 Ky. 958, 80 S. W. 201, 65 L. R. A. 120, 111 Am. St. Rep. 287; Bosworth v. Kentucky Chautauqua Assembly, 112 Ky. 115, 65 S. W. 602; Commonwealth v. Y. M. C. A., 116 Ky. 711, 76 S. W. 522, 105 Am. St. Rep. 234; Commonwealth v. Berea College, 149 Ky. 95, 147 S. W. 929; Commonwealth v. Hamilton College, 125 Ky. 329, 101 S. W. 405; Commonwealth v. Thomas, 119 Ky. 208, 83 S. W. 572, 6 L. R. A. (N. S.) 320; Commonwealth v. Pollitt (Ky.) 76 S. W. 412; Trustees of W. & O. Home Fund v. Blount, 222 Ky. 717, 2 S. W. (2d) 394; Corbin Y. M. C. A. v. Com., 181 Ky. 384, 205, S. W. 388, 1 A. L. R. 264.

It is a settled principle that taxation is the rule and exemption the exception, and immunity from sharing the common burden is allowed only to those who perform duties which the state itself is obligated to discharge. Merrick Lodge v. City of Lexington, 175 Ky. 275, 194 S. W. 92. We have uniformly adhered to the fundamental principle on which the right of exemption is always rested, which is that the institution must be rendering an essential service to the people of the commonwealth, thereby relieving to that extent the charge on the general public. Trustees of Widows' and Orphans' Fund v. Blount, 222 Ky. 717, 2 S. W. (2d) 394. We have just reconsidered the question, and reaffirmed the doctrine, which is manifestly sound, that, where an institution, even though it may be of a charitable or educational character, renders no service to the people of this state, its property herein is not exempt from taxation. Lloyd Library & Museum v. Chipman, Sheriff of Grant County (Ky.) 22 S. W. (2d) ——, decided December 17, 1929. It is not because the corporation is organized or created in another state, but because the charity is not dispensed here and the educational services are not rendered to the people of this state. No part of Kentucky's duty is discharged by appellant in doing charitable or educational work in another state. Appellant alleged that all of its benevolence was bestowed outside of the state of Kentucky, and the business it conducts in the state is not of the character embraced by the definitions of a charitable

or educational institution which have been adopted in this state.

The chancellor carefully considered the questions involved, and prepared two able opinions lucidly expounding the principles to be applied in solving the problem presented. We are in accord with his reasoning and with the conclusion reached by him to the effect that the property involved was not exempt from taxation.

The judgment is affirmed.