# Kesselring, Tax Assessor, et al., v. Bonnycastle Club, Inc.

March 16, 1945.

Lewis C. Carroll and Lawrence S. Grauman for appellants.

Robert E. Hogan for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The Bonnycastle Club of Louisville claims to be exempt from taxation under Section 170 of the Constitution of Kentucky as an institution of education, and the circuit court so adjudged.

The appellee is a non-stock corporation, organized in 1924 under the provisions of Section 879 et seq., Kentucky Statutes, now KRS 273.020 et seq. The charter is not in the record, but it is said to have been organized to promote educational, social and athletic advantages. No private or pecuniary profit is derived from its existence or operation, but it appears that when dissolved the property will be distributed among the members and not revert to the state. It is a community project. Membership is acquired by unanimous vote of the existing members and payment of $5 initiation fee. There are 40 members, who pay dues of $1.50 each month. The management is vested in a board of directors and four officers. The Club owns a parcel of ground in the eastern part of the city on which it maintains two tennis courts; a children's wading pool; a badminton court; and a small field on which various athletic games are played. Its club house is equipped with lockers and showers and facilities for indoor games. While maintained primarily and principally for the Club members and their families, the neighboring public is given access to the grounds. There is no city park within four miles. During the summer a municipal soft ball league, promoted and sponsored in part by the recreational division of the Welfare Department of the City, has games there for which nominal entrance fees are charged. These receipts are used in part for compensating referees or umpires. The dues paid by the members furnish the balance of the expense of maintenance. The members of the Club and perhaps others play this and other athletic games, and children of the neighborhood play there daily in good weather. Now and then an instructor in physical culture furnished by the city gives instruction on that subject and on the rules of athletics generally. At semi-monthly meetings of the members they discuss various topics of timely interest, and sometimes have a specialist to give a lecture. The chancellor commenting upon the need for physical development in this country expressed the opinion that the Club "is not only educa-

tional in character, but also educational along lines that are presently important and most neglected.''

The question is whether the foregoing attributes and functions of this Club are sufficient to entitle it to the right of exemption from taxation under the constitution.

Equality under law is one of our cherished principles. . Duties and rights are reciprocal. It is the duty of every citizen, corporate or natural, to bear his share of the cost of government for the protection and benefits which he receives from it. Every other citizen has the right to have him do so. Our Bill of Rights, Section 3, Constitution, declares that ''All men, when they form a social compact, are equal; and no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public services,'' and there is added, ''no property shall be exempt from taxation except as provided'' in the Constitution.

Therefore, we start our thinking with the proposition that exemption from taxation has been strictly limited and defined. It is an exception to the rule or principle, for the exemption granted to one person places an additional burden upon others. Since such a situation is contrary to the spirit and genius of our system of government, exemption must always be found within the terms of the constitution, or statute, strictly construed. Lancaster v. Clayton, 86 Ky. 373, 5 S. W. 864; Layman Foundation v. City of Louisville, 232 Ky. 259, 22 S. W. 2d 622; Martin v. High Splint Coal Company, 268 Ky. 11, 103 S. W. 2d 711.

Among the exemptions are ''public property used for public purposes'' and ''institutions of education not used or employed for gain by any person or corporation, and the income from which is devoted solely to the cause of education.'' Section 170. We have recently reconsidered the exemptions of ''institutions of education'' as well as ''institutions of purely public charity,'' in City of Louisville v. Presbyterian Orphans Home Society of Louisville, 299 Ky. 566, 186 S. W. 2d 194. It was conceded that each of the institutions covered by that opinion was of the excepted class, the extent of their exemption only being challenged. The instant case presents the definition or the question of whether this organization and its activities is an institution of education

within the meaning or contemplation of the exemption provisions of the Constitution. One of the attributes of tax immunity is present, viz., no one derives pecuniary profit from it. Commonwealth v. Trustees of Hamilton College, 125 Ky. 329, 101 S. W. 405. And the reversionary interest is not an obstacle for it is the present use of the property that is of controlling importance. Connecticut Junior Republic Ass'n v. Town of Litchfield, 119 Conn. 106, 174 A. 304, 95 A. L. R. 56. Likewise we may add, it is the primary use made of property which determines whether it is exempt and not alone its declared objects. Trustees of Widows' and Orphans' Fund, etc., v. Blount, 222 Ky. 717, 2 S. W. 2d 394; Hazen v. National Rifle Ass'n, 69 App. D. C. 339, 101 F. 2d 432, 433.

Basic of our consideration is the logical and settled conclusion, as pointed out in the recent case, that granting tax exemption to charitable and educational institutions is a policy founded upon the fundamental ground of benefit to the public by such organizations and recognition of the fact that they perform a service which the State would or should otherwise have to perform, so there is consequent relief of the tax burden of others. That condition or status sets the primary standard.

It does not follow, however, that property or functions of every institution or organization which performs a public service or merely contributes to charity is exempt from taxation. It must come within the classification of ''public property used for public purposes,'' i. e., owned by some governmental agency in order to be exempted upon the ground of public service. Barbour, Sheriff, v. Louisville Board of Trade, 82 Ky. 645; Lancaster v. Clayton, 86 Ky. 373, 5 S. W. 864; Bell v. City of Louisville, 106 S. W. 862, 32 Ky. Law Rep. 699; Inter-County Rural Electric Co-Operative Corporation v. Reeves, 294 Ky. 458, 171 S. W. 2d 978. The appellee Club, in an indirect and very restricted sense, does contribute to the public well being in that physical development and recreation contribute to the health of a few individuals who use its facilities, and the health and happiness of the people is always a matter of public concern. But, as stated in Lancaster v. Clayton, supra, 86 Ky. 373, 5 S. W. 866:

''Whatever directly promotes individual interest, although it may also tend incidentally to the public welfare, is essentially a private, and not a public, object;

and it is the essential character of the object of the expenditure, and not the degree of the incidental public benefit, which must determine the validity of the tax.''

The right to exemption of athletic fields and playgrounds when used in connection with a school or college is recognized always as an important part of the curricula, or as necessary social or recreational facilities. Annotation, 143 A. L. R. 274, the case to which it is appended being Elder v. Trustees of Atlanta University, 194 Ga. 716, 22 S. E. 2d 515, 143 A. L. R. 268. We have recently approved the expenditure of school money for such purposes under the provisions of Chapter 97 of the Kentucky Revised Statutes; Dodge v. Jefferson County Board of Education, 298 Ky. 1, 181 S. W. 2d 406. We think it was rightly held in People v. City of Chicago, 323 Ill. 68, 153 N. E. 725, that property used for playgrounds must be owned by a municipal corporation to be exempt from taxation, and cannot be regarded as being for school purposes unless it is managed and operated as a part of a school.

To be exempt from the payment of taxes, this organization must reasonably come under the classification of an ''institution of education.'' Words used in the Constitution are to be taken in their ordinary acceptation. While in its broadest and best sense education embraces all forms and phases of instruction, improvement and development of mind and body, and as well of religious and moral sentiments, yet in the common understanding and application it means a place where systematic instruction in any or all of the useful branches of learning is given by methods common to schools and institutions of learning. That we conceive to be the true intent and scope of the term ''institutions of education'', as used in the Constitution. Thus schools for teaching dancing, riding and other special accomplishments are not schools or institutions of education in the ordinary sense. Bosworth v. Kentucky Chautauqua Assembly, 112 Ky. 115, 65 S. W. 602; People v. Deutsche Evangelisch Lutherische, etc., Confession, 249 Ill. 132, 94 N. E. 162; McNair v. School District, 87 Mont. 423, 288 P. 188, 69 A. L. R. 866; 28 C. J. S., Educational, page 834; 51 Am. Jur., ''Taxation'', Sec. 619; Annotation, ''What are educational bodies or schools within the contemplation of tax exemption provision.'' 95 A. L. R. 62.

In Bosworth v. Kentucky Chautauqua Assembly, supra, we held an incorporated local body, owning the grounds and sponsoring chautauquas, renting one of its buildings between the seasons for school and residence purposes, and another for public meetings, was not an institution of education within the constitutional immunity from taxation notwithstanding the beneficial results of the lectures and entertainment. However, the decision was also rested upon the fact that as the members of the association received free tickets to the chautauquas, they derived some pecuniary gain.

On the other hand, in Louisville College of Pharmacy v. City of Louisville, 82 S. W. 610, 26 Ky. Law Rep. 825, we held a college of pharmacy, whose property upon dissolution would go to the State Treasurer for the benefit of the common school fund, the corporation having no stockholders and the small salaries of the instructors being paid from the fees of the students, was an institution of education not used for gain but with the income devoted solely to the cause of education, and was therefore exempt from taxation. The teaching of pharmacy was recognized as a useful and important branch of knowledge and one necessary to the health and lives of the citizens of the commonwealth. It was practically a public institution.

The appellee, with reasonable grounds and assurance, rests its case in a large measure upon German Gymnastic Ass'n of Louisville v. City of Louisville, 117 Ky. 958, 80 S. W. 201, 65 L. R. A. 120, 111 Am. St. Rep. 287. A non-stock, non-profit corporate association, which was maintained by dues of its members, owned property where gymnastic exercises were taught by a regularly employed instructor and on one day during each week instruction in branches of learning ordinarily taught in schools was given. Lectures and addresses were delivered and occasionally discussions of timely topics were had. The court held the property to be tax exempt upon the conception that a course of instruction and development of physical faculties is a branch of education, and the fact that it was taught independently of the cultivation of the mind did not exclude it from the classification of education. There are two differences between that institution and this one. It was primarily maintained for instruction in physical culture and had a regularly employed instructor. In this Club, the instruction is secondary or less in degree and frequency. If

there were any social or recreational activities by the Gymnastic Association, they were minor and incidental. Here those activities are major and dominant. Similar institutions were held entitled to tax exemption in Denver Turnverein v. McGlone, 91 Colo. 473, 15 P. 2d 709, and Socialer Turnverein v. Board of Tax Appeals, 139 Ohio St. 622, 41 N. E. 2d 710, both of which cite our case as authority. On the other hand, a like organization was declared not exempt in Turnverein "Lincoln" v. Board of Appeals, 358 Ill. 135, 192 N. E. 780. However, that case is not altogether apposite because a substantial portion of the property was rented out for business, although the income seems to have been devoted to charitable purposes.

Upon a re-examination of the question we have come to the conclusion that the opinion in the German Gymnastic Association case extends tax exemption beyond legitimate limits and hereby overrule it. The conclusion that it should be overruled is supported in principle by Bosworth v. Kentucky Chautauqua Assembly, supra; Turnverein "Lincoln" v. Board of Tax Appeals, supra, and at least two other opinions. A Woman's Club, organized for intellectual culture, was held to be a social organization and not an educational association so as to be exempted from taxation under a statute exempting property of religious, scientific, literary, educational and benevolent associations, in State ex rel. Women's Club of Wisconsin v. Brand, 197 Wis. 32, 221 N. W. 375. Where social and athletic activities of a group of University men so greatly exceeded their educational and literary activities that they were merely incidental, it was held the Club was taxable under like provisions of exemptions, in State v. Rowan, 171 Tenn. 612, 106 S. W. 2d 861.

Therefore, notwithstanding the laudable and beneficial character of the appellee's club, we are constrained to hold that it is not within the scope of tax immunity and that the judgment should be and it is reversed.

Whole Court sitting.