**CITY OF LOUISVILLE et al., Appellants,**

v.

**The FILSON CLUB, Appellee.**

Court of Appeals of Kentucky.

Nov. 2, 1956.

S. M. Russell, Frances Thompson, Chas. W. Dobbins, J. W. Jones, Louisville, for appellants.

Alexander G. Booth, Booth, Booth & Humphrey, Louisville, for appellee.

CULLEN, Commissioner.

The Filson Club of Kentucky, in an action against the City of Louisville, the Tax Commissioner of Jefferson County, and the Louisville Board of Education, sought a declaration that it and its property are exempt from taxation under Section 170 of the Kentucky Constitution. The court entered judgment declaring the right of exemption on the ground that The Filson Club is a "public library" within the meaning of Section 170. The City of Louisville and the Tax Commissioner of Jefferson County have appealed.

The Filson Club has headquarters in Louisville, but has statewide membership. As concerns the purpose of the Club, the articles of incorporation state:

"The general purpose of the organization and the nature of the business to be transacted is the collection and preservation and publication of historic matter, especially that pertaining to the State of Kentucky and adjacent states, and the cultivation of a taste for historic inquiry and study generally but especially among its members. The Club shall have the power to collect and preserve a library and museum, and to acquire suitable grounds and buildings in which to place them."

The Club is a nonprofit, nonstock, membership corporation. It has some 1,500 members, most of whom are annual members, paying annual dues of $10. There are some life members and endowment members, who have become such by paying a subscription fee.

The articles of incorporation provide that upon dissolution of the club its library and museum, together with all of its other assets and funds, shall be presented to the University of Louisville, or the Louisville Public Library, or the Kentucky State Historical Society, or the University of Kentucky, in the stated order of preference.

For some 26 years the Club has maintained a library and museum in a building owned by the Club in Louisville. The library contains some 25,000 books and pamphlets. The library and museum facilities are open to the public. Around 70 percent of the persons who visit the library each year are not members of the Club.

The executive secretary of the Club, and his private secretary, have offices in the library building. Ten monthly meetings of the Club members are held in the library building each year. At these meetings historic lectures are heard, and the public is invited to attend.

The Club publishes a Quarterly, which is distributed to the members without charge. Approximately 40 percent of the annual dues are used to pay the expenses attributable to publication of the Quarterly. However, the Club has some sources of income other than the annual dues, and the cost of the Quarterly consumes only a small proportion of the Club's income.

The major contention of the appellants is that the Club is not entitled to tax exemption as a "public library" because its primary use and essential purpose are for the Club membership, and the major emphasis is upon the Club activities. The appellants seem to concede, on this point, that the tests to be employed are primary use, essential purpose, and major emphasis.

■ The appellants point out that the articles of incorporation do not state that the purpose of the Club is to provide library and museum facilities primarily for the general public, but rather they state that the purpose is to cultivate a taste for historic inquiry and study generally "but especially among its members." We think the language of the articles is not particularly important, if the actual present use of the property is primarily for the public. Kesselring v. Bonnycastle Club, 299 Ky. 585, 186 S.W.2d 402.

■ We cannot say that the trial court erred in determining that the Club is predominantly functioning as a public library, and that its membership activities and benefits are minor and incidental. It well may be said that such facilities of the Club as are devoted to the membership only, are designed and intended ultimately to encourage and interest the members in developing and promoting the dissemination of historic materials to the general public; that the participation of the Club members is not for their individual benefit but for the purpose of enlisting their support for a public library facility.

In People ex rel. American Geographical Society v. Tax and Assessment Commissioners, etc., of New York, 11 Hun, N. Y., 505, the property of the American Geographic Society was held to be exempt as a public library, notwithstanding that the society was a private corporation in some of whose activities only the members participated. The court said: "Clearly it does not detract from its public character that around it are clustered activities which tend to increase its volume and widen its usefulness."

■ The appellants make a further contention, that "public library" as used in Section 170 of the Constitution means only such libraries as are owned and maintained by some unit of government. This contention is untenable, because such libraries would come under the clause of Section 170 which exempts "public property used for public purposes". If the framers of the Constitution had meant to exempt only publicly owned libraries, there would have been no need to specify "public libraries" as a special exemption in addition to the general exemption of "public property used for public purposes".

The judgment is affirmed.