CASE 81—ACTION BY COMMONWEALTH AGAINST JENNIE GRAY'S TRUSTEE, TO RECOVER TAXES ON PROPERTY NOT LISTED.—MAY 27.

# Commonwealth v. Gray's Trustee.

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

TAXATION—EXEMPTIONS—EDUCATIONAL TRUST FUNDS.

Held: 1. Const. section 170, providing that there shall be exempt from taxation "institutions" of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education, is not limited to the buildings and grounds of educational associations, but includes trust funds, bequeathed to be invested, and the income used solely for the education of poor children to be selected by the trustee.

WM. W. SPALDING, ATTORNEY FOR APPELLANT.

Jane Gray died in 1860, a resident of Boyle county, Kentucky, where her will was probated. The residuary clause of this will was as follows: "The residue of my estate, should there be any, I wish placed either in the bank or in the hands of some safe individual at interest, and the interest applied annually to the schooling of four children whose parents are not able to school them."

Commonwealth v. Gray's Trustee.

John A. Burton, the executor of the will, brought suit in the Boyle circuit court for a construction of this clause of the will, and the court at the August term, 1862, rendered a judgment upholding this residuary devise and directed the executor to annually select four children on whose education he should annually expend the income of the residuary estate passing into his hands. This judgment has been obeyed up to the present time; the estate in the meantime coming into the hands of the appellee.

Said estate in the hands of appellee during the years 1890 to 1900, amounted to about $6,000. The trustee listed, as the record shows, $1,000 for taxation for all of these years. During this period there was no claim of constitution or statutory exemption from taxation interposed by trustee. On a proceeding by the agent for the Commonwealth to subject the $5,000, omitted from assessment to taxation for each of these years, the Marion circuit court, on appeal from the county court, held that it was exempt, from which judgment this appeal is prosecuted.

Our contention is: *That the property herein involved, is not exempt from taxation under section 170 of the Constitution, either as an institution of purely public charity, or as an institution of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education.*

### AUTHORITIES.

Gray *et al.* v. Gray's Admr., 70 S. W., 46; German Bank v. City of Louisville, 56 S. W., 306; New Orleans v. Louis Robira, 11 L. R. A., 141, Subsec. 5 of sec. 9, chap. 92, General Statutes, sec. 4026, Kentucky Statutes; Sec. 170 of the Constitution; City of Newport v. Masonic Temple Assn., 56 S. W., 405; Widow's & Orphan's Home of Odd Fel. of Ky. v. Bosworth, 65 S. W., 591; Bosworth, Sheriff v. Ky. Chat. Assy., 65 S. W., 602; Gray v. Gray, supra; Com. v. Lexington Cemetery Co., 70 S. W., 280; City of Louisville v. Nazareth Lit. & Ben. Assn., 36 S. W., 994.

W. J. LISLE, ATTORNEY FOR APPELLEE.

We are not contending that this fund is exempt as an "institution of public charity," but do contend that it is exempt as an "institution of education, not used or employed for gain by any person or corporation, and the income of which is solely devoted to the cause of education," as provided in section 170 of the present Constitution.

Commonwealth v. Gray's Trustee.

An institution that gives education to children, especially to poor children whose parents are not able to educate them, renders a service to the State and to humanity, and for this reason the State says that such a fund shall not bear the burden of taxation.

### AUTHORITIES CITED.

Kentucky Constitution, sec. 170; City Louisville v. Com., 1 Duv., 295; City of Henderson v. McCullough, 89 Ky., 452; Broadway Ch. v. Com., 23 R., 1695; City of Louisville v. Nazareth, 19 R., 1100; Zable v. Bap. Orphans' Home, 92 Ky., 92; Kentucky Statutes, section 4053; Muir v. Com., 14 R., 478.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Jennie (Jane) Gray, of the county of Boyle, devised the residuum of her estate, after certain specific bequests, in trust; the interest to be applied annually to the schooling of four poor children to be selected by the trustee. The fund was not a large one—probably five or six thousand dollars in the aggregate. Since her death, in 1858, it has been applied as directed. The trustee invested all but a thousand dollars of it in national bank stock. This proceeding was instituted by the auditor's agent to require the listing of this fund for taxation for all the years since 1885, and for the penalties provided by statute for failure to list property by the person chargeable with that duty. The county court required the property to be listed. The circuit court reversed that judgment, and the matter is here on appeal for review.

Section 170 of the Constitution provides that "there shall be exempt from taxation . . . institutions of education not used or employed for gain by any person or corporation and the income of which is devoted solely to the cause of education." If this fund is exempted from taxation, it is because it is included in the provision above quoted. But appellant contends that it is not so embraced.

That it has been set apart and perpetually dedicated to the sole cause of education, without gain to any person, is not questioned. This court had occasion to consider and construe the meaning of the word "institution," as used in the above section, in the case of Trustees of Kentucky Female Orphan School v. City of Louisville, 100 Ky., 470, 19 R., 1091, 36 S. W., 921, 40 L. R. A., 119. It was argued in that case for the city, claiming the right to tax certain property in which the endowment fund of the orphan school had been invested, that the word "institution" refers alone to the buildings and grounds used by the schools as a place employed for the purpose of accommodating the pupils and teachers. The court, however, rejected this narrow construction, and found that word embraced not alone the buildings and grounds so used, but that it included the endowment and other funds of the school or corporation which were dedicated solely to the cause of education. What the convention which framed the Constitution evidently had in mind was to exempt from taxation all property that was dedicated solely to the cause of education, and not used or employed for gain by any person or corporation, whether that property was buildings or money, or owned by natural or artificial persons. Buildings alone, and the grounds upon which they stand, are not adequate to provide education. In addition, money must be used to employ teachers, provide text-books, etc. Indeed, the buildings, so far as ownership by the educator is concerned, could be dispensed with, but not the other means. Nor can we believe that it was the purpose of the convention to require those dedicating their property to this unselfish mode of education to use it in connection with real estate likewise owned and used, before the exemption should apply. It is not a complete definition to define "institution" as simply

a building or a plant or a body corporate. It may be all of these, but, more broadly speaking, it is that which is set up, provided, ordained, established, or set apart for a particular end, especially of a public character or affecting the community. So, when money or other property is set apart, the exclusive use and income of which is to be applied to the cause of education or pedagogy, the property impressed with that character becomes an institution, without regard to the particular form of its investment. When the dedicator, in his munificence, sets apart property or a fund to this end, the people, in a kindred spirit, have declared by their organic law that such property, when so used without gain or profit to the giver or owner, shall be exempt from taxation.

It follows that the judgment of the circuit court should be affirmed.