PERCY C. CLAYTON, AND ALL OTHER INTERESTED TAXPAYERS, v. LIGGETT & MYERS TOBACCO COMPANY, A CORPORATION.

(Filed 7 November, 1945.)

**1. Municipal Corporations §§ 2, 5—**

Municipal corporations are creatures of the Legislature and possess and can exercise only such powers as are granted in express words, or those necessarily or fairly implied in or incident to the powers expressly conferred, or those essential to the accomplishment of the declared objects and purposes of the corporation. Ordinarily such powers may be enlarged, abridged, or entirely withdrawn at the pleasure of the Legislature.

**2. Municipal Corporations § 29—**

The control of streets is primarily a State duty, and the legislative control, in the absence of constitutional restriction, is paramount, subject to property rights and easements of abutting owners.

**3. Same—**

The Legislature may delegate the power of control over its streets to the municipal corporations of the State or to the governing body of a city, town, or to a particular municipal board, or other agency.

**4. Same—**

Within constitutional limitations and provided public use is not unreasonably interfered with, the Legislature, or a municipal corporation by legislative authorization, may grant a private use of streets, and may permit structures in the streets for business convenience, which, in the absence of such authority, would be considered obstructions or nuisances.

APPEAL by plaintiff from *Carr, J.,* at Chambers, 24 August, 1945, at Burlington, N. C. From DURHAM.

Civil action to restrain defendant from erecting an arcade across Morgan Street connecting two of its buildings in the city of Durham, North Carolina.

These pertinent uncontroverted facts appear from the pleadings:

I. Morgan Street, in the city of Durham, North Carolina, is a paved street, a link in the system of streets connecting with highways leading into and out of the city, and an important thoroughfare serving the industrial and commercial area of the city.

II. Defendant has erected what is known as the O'Brien Building on the south side of, and abutting on Morgan Street, and a two-story building known as the Cooper Shop on the north side of, and abutting on said street.

III. The General Assembly of North Carolina, at its session of 1945, by an act entitled "An act to allow the city of Durham to release any interest it and the public may have in certain lands for the purpose of

permitting Liggett & Myers Tobacco Company to cross a part of Morgan Street for private purposes" authorized and empowered the governing body of the city of Durham "to permit by resolution, ordinance or other proceeding deemed advisable, or such papers as may be necessary to release the interest of the city of Durham and the public generally in and to that portion of Morgan Street situated, lying and being between the O'Brien Building of Liggett & Myers Tobacco Company on the south and said Tobacco Company's Cooper Shop Building on the north, for the purpose of permitting said Liggett & Myers Tobacco Company to extend said O'Brien Building from the south over and across Morgan Street to the aforesaid Cooper Shop building on the north, with a clearance of not less than 17 feet at any point above Morgan Street, said building to be constructed and used and said Morgan Street to be crossed for the benefit of said Tobacco Company and its business, and generally for its private purposes."

IV. Thereafter the City Council of the city of Durham passed a resolution, in which it is recited: (1) That the director of planning and the City Manager have investigated the request of Liggett & Myers Tobacco Company to be permitted to construct "a building or overpass over Morgan Street between their O'Brien Building on the south and their Cooper Shop building on the north so that the said two buildings will be connected" with "a clearance over Morgan Street of not less than 17 feet above the surface of Morgan Street at any time," and have submitted recommendation with respect to the same; (2) that the council has carefully considered such request and has examined the plans and specifications for said proposed building; (3) that subject to the recommendations made by the planning department, the council is of opinion that the said request could be granted without being detrimental to the public interest, safety or welfare, and that the same will not impede or congest pedestrian or vehicular traffic passing along Morgan Street; and (4) that the Legislature of North Carolina at its session of 1945 has specifically granted authority to the City Council to grant such permission. And thereupon the City Council resolved "that permission to construct the said building across Morgan Street between the O'Brien Building and the Cooper Shop building of Liggett & Myers Tobacco Company is hereby granted, subject to" specified terms and conditions, for safeguarding the interests of the city, and of the public requirements for use of the street, among others: "That there be an unobstructed clearance of not less than 17 feet at all points above the surface of Morgan Street" and provisions be made to admit of widening said street.

V. Pursuant to the permission granted in the said resolution of the City Council, defendant Liggett & Myers Tobacco Company begun the

construction of a building over and across Morgan Street connecting their O'Brien Building with their Cooper Shop building.

VI. Thereupon, the plaintiff, acting for himself and for any and all interested taxpayers of the city, county and State who desire to intervene, instituted this action for the purpose of restraining defendant from completing the construction of such building (1) upon the ground: (a) That it will create a hazard between said buildings and increase the existent traffic congestion now caused by the extensive use of the street by both vehicles and pedestrians at certain times of day; (b) that an overhead building as above stated would prevent the free and extensive use of the street by plaintiff and other users of said street for travel and transportation; (c) that it will prevent the governing body of the city of Durham from improving and widening said street which is now about thirty feet wide and will interfere with city planning; and (2) for that the General Assembly does not have the right to grant or delegate the right to the governing body of the city of Durham to pass a resolution permitting defendant to construct a building over and across Morgan Street as it has done, and, hence, the said resolution is void.

VII. A temporary restraining order having been granted, returnable before Carr, Resident Judge of the Tenth Judicial District of North Carolina, at Chambers, in Burlington, and being heard, upon motion of defendant for dissolution of the order, the court, being of opinion that the pleadings raise no issue of fact for a jury, finds the following facts:

"1. There is no allegation in the complaint that the right of the plaintiff or any other person to the use of light and air will be impaired or in any way affected by the completion of the proposed structure by the defendant.

"2. The structure which the defendant proposes to build when completed will not unreasonably interfere with the public easement of travel and transportation." Thereupon, the court entered an order dissolving the temporary restraining order.

Plaintiff excepts to the rendition and signing of the order and appeals to Supreme Court and assigns error.

*W. C. Purcell for plaintiff, appellant.*
*Fuller, Reade, Umstead & Fuller for defendant, appellee.*

WINBORNE, J. This is the question for decision: Where legislative authority is given therefor, may the governing body of a city grant permission to the owner of buildings abutting on opposite sides of a street to construct an arcade over the street connecting the buildings for private purposes when such completed arcade (1) will not impair the

rights of others to the use of light and air, and (2) "will not unreasonably interfere with the public easement of travel and transportation"?

The court below, in dismissing the temporary restraining order, held in effect that, under such circumstances, the city had such right and with this ruling, we are in agreement.

While the subject, in the form presented here, does not appear to have been considered by this Court, there are decisions to the effect that without express legislative authority therefor, a municipality may not permit encroachments upon public streets for private purposes. Ordinarily the question has arisen where property rights are involved. See *Butler v. Tobacco Co.,* 152 N. C., 416, 68 S. E., 12; *Guano Co. v. Lumber Co.,* 168 N. C., 337, 84 S. E., 346.

The consequential inference from these decisions is that, with express legislative authority therefor, a municipality may permit encroachments upon public streets for private purposes, provided the property rights of others are not invaded, and the public use of the street is not unreasonably obstructed, as was found below by the judge in this case.

Such is the principle as expressed by text writers, for example: In 44 C. J., 983, Municipal Corporations, sec. 3782 (10), it is stated: "Within constitutional limitations, and provided public use is not unreasonably interfered with, the legislature may authorize a private use of streets, and may permit structures in the street for business conveniences that, in the absence of such authority, would be considered obstructions or nuisances. Where acting under constitutional or delegated legislative authorization, a municipality may grant a private use of its streets, unless such private use would unreasonably interfere with public use. But in the absence of constitutional, charter, or statutory provisions so permitting, a municipality has no power to authorize the use of its streets for a private purpose."

Moreover, it is a general principle of law that municipal corporations are creatures of the Legislature of the State, and that they possess and can exercise only such powers as are granted in express words, or those necessarily or fairly implied in or incident to the powers expressly conferred, or those essential to the accomplishment of the declared objects and purposes of the corporation. 37 Am. Jur., 722, Municipal Corporations, section 112. Ordinarily such powers may be enlarged, abridged, or entirely withdrawn by the Legislature at its pleasure. Furthermore, the control of streets is primarily a State duty, and the legislative control, in the absence of constitutional restriction, is paramount, subject to the property rights and easements of the abutting owner. However, the Legislature may delegate the power of control over its streets to the municipal corporations of the State or to the governing body in a city, town or village, or to a particular municipal board, or other agencies.

And where such power has been delegated the power of the municipality is measured by the statute or charter provisions delegating such authority. McQuillin on Municipal Corporations, 2nd Ed., Revised Vol. 4, section 1414 (1310), and 29 C. J., 646, Highways, section 409. See also *Yale University v. New Haven,* 104 Conn., 610, 134 Atl., 268, 47 A. L. R., 667.

The judgment below is

Affirmed.