The plaintiff, a taxpayer in the Town of Tarboro, brought this action on his own behalf and that of the other taxpayers similarly situated to restrain the municipality from issuing bonds and levying taxes for the acquisition or construction of a hotel in the town, which it proposed to own and maintain, and from the levy of taxes to retire said bonds. The plaintiff contends that the proposed action is in contravention of Article V, Section 3, of the Constitution, requiring that taxes be levied and collected only for a public purpose.
The Session Laws of 1945, Chapter 413, purports to authorize the acquisition, or construction of the hotel, the issuance of the bonds, and the levy of the tax, provided the project be approved by a majority of the qualified voters at an election to be called by the Board of Commissioners. Pursuant to the authority thus given the Board passed an ordinance providing for the issue of bonds in the sum of $250,000 and the levy of a tax, if approved as provided in the statute. The election was duly called and held, and the result was favorable to the issuance of the bonds and the levy of the tax.
The case develops no disagreement as to the facts, or claim of procedural defects.
In its further answer the defendant pointed out that the Town of Tarboro has 8,000 inhabitants; that it contains only one hotel, out of repair and with inadequate facilities, and of such a character and reputation that those having occasion to visit the town decline to patronize it, but secure accommodations in neighboring towns. It is pointed out that by reason of this condition the general welfare and convenience of both the residents of the town and those who have business there, and the *Page 285 
economic interests of the town have greatly suffered and will continue to be impaired if the situation is not remedied.
The matter came up for a hearing before Stevens, J., who, after making findings of fact and conclusions of law, entered a judgment sustaining the validity and constitutionality of the statute, the ordinance and the acts pursuant thereto, the proposed bond issue and the tax levy, and denied the injunction and dismissed the action. From this judgment the plaintiff appealed, assigning error.
This appeal presents only one question: Is the cost of construction, maintenance and operation of a hotel by a municipality, a "public purpose," within the meaning of Article V, Section 3, of our Constitution? The cited section provides: "Taxes shall be levied only for public purposes." It must be conceded, therefore, that the defendant is without authority to proceed with the proposed project unless the above question is answered in the affirmative. For it is settled with us beyond question, that there can be no lawful tax which is not levied for a public purpose. Briggs v. Raleigh,195 N.C. 223, 141 S.E. 597; Commissioners v. State Treasurer, 174 N.C. 141,93 S.E. 482; Jones v. City of Portland, 245 U.S. 217,62 L.Ed., 252; Savings Loan Asso. v. Topeka, 87 U.S. 655, 22 L.Ed.., 455;Haesloop v. City Council of Charleston, 123 S.C. 272, 115 S.E. 596;Burns v. Essling, 156 Minn. 171, 194 N.W. 404; State v. Orear,277 Mo., 303, 210 S.W. 392; 44 C. J., 1270; 38 Amer. Jur., 85; McQuillin, Municipal Corporations, Vol. 6 (2d Ed.), p. 337; Cooley on Taxation, Vol. 1 (4th Ed.), Sec. 174. In Amer. Jur., supra, it is said: "A state legislature can neither compel nor authorize a municipal corporation to expend any of its funds for a private purpose, and consequently, since practically every undertaking of a municipality does or may require the expenditure of money, a municipal corporation cannot, even with express legislative sanction, embark in any private enterprise, or assume any function which is not in a legal sense public. If there is any restriction implied and inherent in the spirit of American Constitutions, it is that the government and its subdivisions shall confine themselves to the business of government, for which they were created, but if a specific provision prohibiting the expenditure of public funds for private purposes is required, it is found in the clause which forbids the taking of property for other than public uses; for since the funds of a municipality are necessarily directly or indirectly raised by taxation, the expenditure of money by a municipality for private purposes does or may necessarily result in the taking of the property of individuals under the guise of taxation for other than *Page 286 
public uses." The difficulty, however, arises in deciding what is and what is not a public purpose. And, while the initial responsibility for the determination of this question rests with the legislature, its determination is not conclusive. "In its final analysis, it is a question for the Courts," Briggs v. Raleigh, supra. Yarborough v. Park Commission,196 N.C. 284, 145 S.E. 563; Cobb v. R. R., 172 N.C. 58,89 S.E. 807; Opinion of Justices, 118 Me. 503, 106 A. 865; Kinney v. City ofAstoria, 108 Ore., 514, 217 P. 840; People ex rel. Horton v.Prendergast, 222 N.Y. S., 29, 162 N.E. 10; Cooley on Taxation, Vol. 1, Sec. 187.
In the case of Savings Loan Association v. Topeka, supra, in considering what is a public purpose, the Court said: "It is undoubtedly the duty of the Legislature which imposes or authorizes municipalities to impose a tax, to see that it is not to be used for purposes of private interest instead of a public use, and the courts can only be justified in interposing when a violation of this principle is clear and the reason for interference cogent. And in deciding whether, in the given case, the object for which the taxes are assessed falls upon the one side or the other of this line, they must be governed mainly by the course and usage of the government, the objects for which taxes have been levied, what objects or purposes have been considered necessary to the support and for the proper use of the government, whether State or municipal. Whatever lawfully pertains to this and is sanctioned by time and the acquiescence of the people may well be held to belong to the public use, and proper for the maintenance of good government, though this may not be the only criterion of rightful taxation. But in the case before us, in which the towns are authorized to contribute aid by way of taxation to any class of manufacturers, there is no difficulty in holding that this is not such a public purpose as we have been considering. If it be said that a benefit results to the local public of a town by establishing manufacturers, the same may be said of any other business or pursuit which employs capital or labor. The merchant, the mechanic, the innkeeper, the banker, the builder, the steamboat owner are equally promoters of the public good, and equally deserving the aid of the citizens by forced contributions. No line can be drawn in favor of the manufacturer which would not open the coffers of the public treasury to the importunities of two-thirds of the business men of the city or town." 61 C. J., 90.
In determining whether or not a tax is for a public purpose, when considered in the light of custom and usage, as pointed out above, courts should also take into consideration the fact, that a purpose not theretofore considered public, but by reason of changed conditions and circumstances, may be so classified. Stevenson v. Port of Portland,82 Ore., 576, 162 P. 509; 61 C. J., 90. This principle has been applied in determining what is a necessary expense within the meaning of Article *Page 287 
VII, Section 7, of our Constitution. Prior to the decision of this Court in the case of Fawcett v. Mount Airy (1903), 134 N.C. 125, 45 S.E. 1029, the expense incurred by a municipality for the purpose of building and operating plants to furnish water and lights to its citizens was not considered a necessary expense. The urgent need, however, for the establishment and maintenance of such facilities in our towns and cities, to protect the health of the citizens thereof, fully justified the judicial determination that the cost of construction and maintenance of such plants, is a necessary expense within the meaning of the Constitution.
A municipal corporation is a political subdivision of the State and "can exercise only such powers as are granted in express words, or those necessary or fairly implied or incident to the powers expressly conferred, or those essential to the accomplishment of the declared objects and purposes of the corporation," 37 Amer. Jur., 722. Brumley v. Baxter,225 N.C. 691, 36 S.E.2d 281, 162 A.L.R., 930; Clayton v. Liggett Myers Tobacco Co., 225 N.C. 563, 35 S.E.2d 691; Brown v. Comrs. ofRichmond County, 223 N.C. 744, 28 S.E.2d 104; Kennerly v. Town ofDallas, 215 N.C. 532, 2 S.E.2d 538; Madry v. Town of Scotland Neck,214 N.C. 461, 199 S.E. 617; Kennedy v. City of Nevada,222 Mo. App. 459, 281 S.W. 56. Such a corporation has both governmental and proprietary powers. Millar v. Wilson, 222 N.C. 340, 23 S.E.2d 42;Asbury v. Albemarle, 162 N.C. 247, 78 S.E. 146. A municipal corporation, in the exercise of a proprietary right, just as in the exercise of a governmental power, cannot invoke the power of taxation or the right of eminent domain except for a public purpose.
In the case of Airport Authority v. Johnson, 226 N.C. 1,36 S.E.2d 803, Seawell, J., speaking for the Court, said: "Public purpose, as we conceive the term to imply, when used in connection with the expenditure of municipal funds from the public treasury, refers to such public purpose within the frame of governmental and proprietary power given to the particular municipality, to be exercised for the benefit, welfare and protection of its inhabitants and others coming within the municipal care. It involves reasonable connection with the convenience and necessity of the particular municipality whose aid is extended in its promotion."
We deem it unnecessary to cite or discuss the long list of decisions of this Court, dealing with the many things which have been held to fall within the definition of a "public purpose," such as streets, sidewalks, bridges, water, light and sewerage plants, market houses, abattoirs, municipal buildings, auditoriums, hospitals, playgrounds, parks, railroads, armories, fairs and airports. Those decisions, in our opinion, do not support the contention that the cost of constructing and maintaining a hotel by a municipality is a public purpose within the meaning of our Constitution. *Page 288 
It has been held, however, that a municipal corporation may operate a coal yard and may manufacture and sell ice. Jones v. Portland, supra;Stevenson v. Port of Portland, supra; City of Tombstone v. Macia,30 Ariz. 218, 245 P. 677, 46 A.L.R., 828; Holton v. City of Camilla,134 Ga. 560, 68 S.E. 472; Central Lumber Co. v. Waseca, 152 Minn. 201,188 N.W. 275; Consumers Coal Co. v. Lincoln, 109 Neb. 51, 189 N.W. 643. It has also been held otherwise. State v. Orear, supra; Baker v. City ofGrand Rapids, 142 Mich. 687, 106 N.W. 208; Union Ice Coal Co. v.Ruston, 135 La. 898, 66 So. 262, L.R.A., 1915 B, 859. But we have not been able to find any authority, and the appellees have cited none, in which it has been held that the cost of constructing and maintaining a hotel is for a public purpose. On the other hand, it seems that wherever the question has been considered, the Courts and textbook writers have held to the view, that the operation of a hotel is essentially a private business, and therefore the cost of constructing and operating a hotel would not be for a public municipal purpose. Town of Warrenton v. WarrenCounty, 215 N.C. 342, 2 S.E.2d 463; Kennedy v. City of Nevada, supra;Lancaster v. Clayton, 86 Ky. 373, 5 S.W. 864, 116 A.L.R., 898; Haesloopv. City of Charleston, supra; 44 C. J., 1271.
In Kennedy v. City of Nevada, supra, the Court said: "Of course, a municipality has no implied power to engage in a private business. 19 R. C. L., p. 788, sec. 95. The operation of a tourist camp, whether the city receives any compensation therefrom or not, especially where the inhabitants of the city are excluded, is certainly not a public business. The evidence shows that these grounds were used substantially as an outdoor hotel, and no one would contend that a municipality would have the implied authority to operate a hotel for the benefit of transients." And while the case of Lancaster v. Clayton, supra, did not involve the identical question now before us, the opinion clearly shows that the Court deemed the operation of a hotel to be strictly a private business, for it said: "The keeping of a hotel is essentially a private business, conducted for private gain. It is true the innkeeper must have a license, and in the absence of some good excuse, such as lack of room or the like, must entertain all who conduct themselves properly, and are apparently able to pay for it. But the fact that one, in order to conduct some particular business for his own profit, must comply with certain regulations or submit to certain rules of law, does not so far render him the ward of the government that the exercise of the taxing power can be invoked in his behalf. Certainly, a tax could not be constitutionally levied to aid one in building or conducting a hotel; and to exempt the keeper from the payment of the tax thereon is but doing indirectly what cannot be done directly."
In 44 C. J., Munic. Corp., 1271, it is said: "Taxes held to be invalid as not being for a public purpose include a tax for the entertainment *Page 289 
of official visitors; the building or maintenance of a house of entertainment or a hotel and business house . . ." In the case of Haesloopv. City of Charleston, supra, the Court did approve the conveyance of certain property owned by the City of Charleston, but not held for governmental purposes, to a private corporation, upon the condition that the corporation would construct on the property a million dollar hotel within ten months from the date of the conveyance. Furthermore, the Court pointed out that the property in question "was neither purchased with money raised by taxation, nor does its proposed disposal involve a resort to the power of taxation." And the Court further concluded that in the disposition of the case it was not necessary to determine whether a hotel is a "public utility within the meaning of the right to tax or to invoke the power of eminent domain."
This Court held in the case of Town of Warrenton v. Warren County,supra, where the Town of Warrenton, pursuant to certain legislative authority, had invested a substantial sum in the construction of a local hotel, and thereafter was compelled to purchase the property in order to protect its investment, that the property was not held for a governmental purpose and was therefore subject to taxation by Warren County. Schenck,J., in speaking for the Court, said: "The property is neither for nor used for governmental or necessary public purposes, but merely for business purposes; and in competition with any other hotel that may be established in the Town of Warrenton or vicinity." In a concurring opinion, Stacy, C.J., said: "Counties, cites and towns are created for the benefit of the public and charged with the administration of community affairs. . . . It was never contemplated that they should engage in competitive, private business, . . . Public funds may be expended only for a public purpose. . . . The reason municipal property is granted immunity from taxation is, that it is supposed to be dedicated to a public use."
Therefore, it is clear, that if a municipal corporation could legally tax its citizens to construct and operate a hotel, such hotel would be exempt from taxation. For we know of no authority which gives one political subdivision of a State the authority to levy and collect an ad valorem tax on property held for a public purpose, by another political subdivision of the same State. G.S., 105-3 (a); Board of Financial Control v. Henderson,208 N.C. 569, 181 S.E. 636, 101 A.L.R., 783; Benson v. JohnstonCounty, 209 N.C. 751, 185 S.E. 6; Weaverville v. Hobbs, Comr. Vets.Loan Fund, 212 N.C. 684, 194 S.E. 860; Warrenton v. Warren County,supra; Winston-Salem v. Forsyth County, 217 N.C. 704, 9 S.E.2d 381.
It may be desirable for the Town of Tarboro to have additional hotel accommodations. Such facilities would, no doubt, serve a useful purpose and tend to enhance the value of property generally, as well as to promote *Page 290 
the commercial life of the community, but ordinarily such benefits will be considered too incidental to justify the expenditure of public funds.Haesloop v. City of Charleston, supra; McQuillin, Municipal Corporations, Vol. 6 (2d Ed.), Sec. 2532, p. 343; Cooley on Taxation, Vol. 1 (4th Ed.), Section 175, et seq. Every legitimate business in a community promotes the public good. Savings Loan Asso. v. Topeka, supra. But "It may be safely stated that no decision can be found sustaining taxation by a municipality, where its principal object is to promote the trade and business interests of the municipality, and the benefit to the inhabitants is merely indirect and incidental." McQuillin, Municipal Corporations, supra. "Many objects may by public in the general sense that their attainment will confer a public benefit or promote the public convenience, but not be public in the sense that the taxing power of the State may be used to accomplish them." Cooley on Taxation, supra, 0. 383. Waples v. Marrast, 108 Tex. 5,184 S.W. 180, L.R.A., 1917 A, 253.
We are not unmindful of the rule that an Act of the Legislature will not be disturbed by the Courts, unless such Act is clearly unconstitutional.Brumley v. Baxter, supra; Bridges v. City of Charlotte, 221 N.C. 472,20 S.E.2d 825; Freeman v. Comrs. of Madison, 217 N.C. 209,7 S.E.2d 354; S. v. Harris, 216 N.C. 746, 6 S.E.2d 854, 128 A.L.R., 658; Briggs v. Raleigh, supra; Hartsfield v. City of New Bern,186 N.C. 136,119 S.E. 15. But when an Act of the Legislature is in conflict with a constitutional provision, it is the duty of the Court to sustain the Constitution in preference to the Act. Glenn v. Board of Education,210 N.C. 525, 187 S.E. 781; R. R. v. Cherokee County, 177 N.C. 86,97 S.E. 758; S. v. Knight, 169 N.C. 333, 85 S.E. 418; 11 Amer. Jur., 714.
We have carefully considered the question before us, in the light of the decisions and other authorities cited herein, and we are of the opinion that the cost of constructing and maintaining a hotel is not a public purpose, within the meaning of Article V, Section 3, of our Constitution. It follows, therefore, that the Legislature is without power to authorize a municipal corporation to issue its bonds and levy a tax for the payment of the principal and interest on such indebtedness, in order to enable it to obtain funds for the construction and maintenance of a municipal hotel.
The judgment of the Court below is
Reversed. *Page 291