IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-14

No. 31PA20

Filed 12 March 2021

JVC ENTERPRISES, LLC, as successor by merger to GEOSAM CAPITAL US, LLC; CONCORD APARTMENTS, LLC; and THE VILLAS OF WINECOFF, LLC f/k/a THE VILLAS AT WINECOFF, LLC

v.

CITY OF CONCORD

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 269 N.C. App. 13 (2019), reversing and remanding an order entered on 10 October 2018 by Judge Joseph N. Crosswhite in Superior Court, Cabarrus County, granting summary judgment in favor of the City and dismissing all of plaintiffs' claims. Heard in the Supreme Court on 12 January 2021.

*Scarborough, Scarborough, & Trilling PLLC, by James E. Scarborough, John Scarborough and Madeline J. Trilling; and Ferguson, Hayes, Hawkins & DeMay, PLLC, by James R. DeMay, for plaintiff-appellees.*

*Hamilton Stephens Steele & Martin, PLLC, by Keith J. Merritt and Rebecca K. Cheney, for defendant-appellant.*

HUDSON, Justice.

¶ 1    Here we must decide whether a series of local acts gives the City of Concord the authority to levy water and wastewater connection fees against plaintiff developers for services to be furnished. We hold that the language of these acts is clear and unambiguous in granting this authority to the City of Concord. Accordingly,

we reverse the decision of the Court of Appeals and affirm the trial court's order granting summary judgment to the City and dismissing plaintiffs' claims with prejudice.

## I. Factual and Procedural History

In 2004, the City of Concord adopted an ordinance requiring developers of residential subdivisions to pay fees for water and wastewater service before a subdivision plat would be accepted for recordation. The ordinance was updated in 2016 such that fees are now due "at the time" of acquiring a permit.

Plaintiffs are developers who constructed subdivisions within the City of Concord prior to 2016 and paid water and wastewater connection fees to the City prior to development as required by the pre-2016 ordinance. Plaintiffs sued the City on 11 September 2017 seeking a declaratory judgment that these fees were ultra vires and seeking damages in the amount of fees paid to the City in connection with their developments. Plaintiffs contend that the fees are illegal because the City lacks authority to collect fees prior to furnishing water and sewer services to plaintiffs' subdivisions.

On 17 September 2018 the City moved for partial summary judgment, arguing that its authority to charge water and sewer fees for services "to be furnished" is specifically set forth in the City's Charter. In support of its motion, the City relied on a series of local acts amending, revising, or consolidating the City's Charter between

1959 and 1986. An Act Amending the Charter of the Board of Light and Water Commissioners of the City of Concord, ch. 66, 1959 N.C. Sess. Laws 43 (1959 Act); An Act to Revise and Consolidate the Charter of the City of Concord and to Repeal Prior Local Acts, ch. 744, 1977 N.C. Sess. Laws 970 (1977 Act); An Act to Revise and Consolidate the Charter of the City of Concord and to Repeal Prior Local Acts, ch. 861, § 1, 1985 N.C. Sess. Laws 112 (1986) (1986 Act).[1]

¶ 5    The 1959 Act authorized the Board of Light and Water Commissioners of the City of Concord (the Board) "[t]o fix and collect rates, fees and charges for the use of and for the services and facilities furnished or to be furnished in the form of electrical and water service." 1959 N.C. Sess. Laws at 43, § 1.[2] The 1977 Act revised and consolidated the City's Charter and continued the existence of the Board and its powers. 1977 N.C. Sess. Laws at 971, 973–75, 979–82, §§ 1, 5–6. Finally, the 1986 Act consolidated the City's Charter, dissolved the Board, provided that "[a]ll powers and duties of said Board shall become powers and duties of the City of Concord[,]" and repealed all but two sections of the 1977 Act. 1985 N.C. Sess. Laws at 118–119, §§ 2, 6.

---

[1] 1985 N.C. Sess. Laws 112 will be referred to as the 1986 Act, since it was enacted and became effective in 1986.

[2] An earlier law allowed the Board to levy prospective fees for sewer. An Act to Amend the Charter of the Board of Light and Water Commissioners of the City of Concord, ch. 1180, 1955 N.C. Sess. Laws 1176, 1176 (1955).

¶ 6 The trial court granted summary judgment for the City on 10 October 2018 dismissing plaintiffs' claims with prejudice. Plaintiffs appealed to the Court of Appeals.[3]

¶ 7 The Court of Appeals concluded that there were two reasonable interpretations of the City's Charter as amended by the 1986 Act. *JVC Enterprises, LLC v. City of Concord*, 269 N.C. App. 13, 19 (2009). The court went on to conclude that it was compelled by the canon of constitutional avoidance to adopt plaintiff's interpretation that "the 1986 Act eliminated the Board, revoked the power to levy prospective fees" and "vested the City with the ability to levy water and sewer fees consistent with the General Enterprise Statutes." *Id.* at 22. The Court of Appeals ultimately reversed the trial court's grant of summary judgment. *Id.* at 23. The City filed a petition for discretionary review, which we allowed on 1 April 2020.

## II. Standard of Review

¶ 8 We review de novo an appeal of a summary judgment order. *In re Will of Jones*, 362 N.C. 569, 573 (2008). "A ruling on a motion for summary judgment must consider the evidence in the light most favorable to the non-movant, drawing all inferences in the non-movant's favor." *Morrell v. Hardin Creek, Inc.*, 371 N.C. 672, 680 (2018).

---

[3] In resolving this case, the trial court ruled both that the ordinance at issue was consistent with session law and that a particular session law was constitutional. The City also cross-appealed, arguing that the constitutionality of the session law was not properly alleged in plaintiffs' complaint. Beyond reversing the Court of Appeals decision regarding the meaning of the statute, we decline to address the statute's constitutionality under Article II Section 24 because it was not properly raised by the plaintiffs in their complaint.

"[W]hen the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law," we will affirm an order granting summary judgment to that party. *In re Will of Jones*, 362 N.C. at 573. Likewise, "[w]e review matters of statutory interpretation de novo[.]" *Quality Built Homes Inc. v. Town of Carthage*, 369 N.C. 15, 18 (2016) (citing *In re Ernst & Young, LLP*, 363 N.C. 612, 616 (2009)).

### III.    Analysis

¶ 9        Here, we review the 1986 Act which amended the Charter for the City of Concord to determine whether the City has the authority to collect water and sewer fees for services "to be furnished." If the City has this authority, then the trial court's grant of summary judgment should be affirmed; if not, we must affirm the Court of Appeals.

¶ 10        "Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Div. of Soc. Servs.,* 332 N.C. 141, 144 (1992). "If the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning." *State v. Beck*, 359 N.C. 611, 614 (2005). "[H]owever, where the statute is ambiguous or unclear as to its meaning, the courts must interpret the statute to give effect to the legislative intent." *In re Ernst & Young, LLP*, 363 N.C. 612, 616 (2009). Canons of statutory interpretation are only employed "[i]f the language of the statute is ambiguous or

lacks precision, or is fairly susceptible of two or more meanings[.]" *Abernethy v. Bd. of Comm'rs*, 169 N.C. 631, 636 (1915).

¶ 11    Section 2 of the 1986 Act provides:

> The Board of Light and Water Commissioners for the City of Concord shall be dissolved. All powers and duties of said Board shall become powers and duties of the City of Concord. All real and personal property and all assets owned by the Board of Light and Water Commissioners shall be held under the name and ownership of the City of Concord.

1985 N.C. Sess. Laws at 118, § 2.

¶ 12    Section 6 provides:

> The following act is repealed: Chapter 744, Session Laws of 1977, except for Sections 5 and 6 of that act.

1985 N.C. Sess. Laws at 119, § 6.

¶ 13    We find no ambiguity or contradiction in this language. By its plain language Section 2 dissolves the Board of Light and Water and transfers all the powers and duties of the Board to the City. We determine that the language is plain and unambiguous and that "shall become" effectively transferred the powers and duties of the Board to the City. As the trial court stated, "[t]he General Assembly was not required to use the word 'transfer' in order to transfer the powers of the Board."

¶ 14    Section 6 then repeals the bulk of the prior City Charter ensuring that there is only one active Charter for the City at a time. Nothing in Section 6 contradicts the language of Section 2 or renders Section 2 ambiguous. Because this language is clear

and unambiguous, we "eschew statutory construction in favor of giving the words their plain and definite meaning." *Beck*, 359 N.C. at 614.[4]

¶ 15    The Court of Appeals concluded in its opinion below that the language of the 1986 Act is ambiguous because it "ostensibly both eliminates *and* transfers the powers of the Board afforded by the 1977 Charter." *JVC Enters.*, 269 N.C. App. at 18 (emphasis in original). Plaintiffs have argued that powers and duties cannot be repealed by Section 6 and transferred by Section 2 at the same time. Therefore, plaintiffs urge us to interpret the relevant sections to mean that the powers and duties of the Board are not transferred to the City, but instead that upon the dissolution of the Board, the City retained only the powers granted to it under the Public Enterprise Statutes. We conclude this is not a reasonable reading of the statutory language.

¶ 16    The first sentence of Section 2 dissolves the Board of Light and Water. Had the General Assembly stopped there, the City would only have its general powers under the Public Enterprise Statutes in operating the water and sewer systems formerly belonging to the Board. But the General Assembly elected to do more than just dissolve the Board. It went on to specify that all the powers and duties of the Board

---

[4] The parties also discuss 1985 N.C. Sess. Laws. at 118–19, § 4 at length, each party arguing that it bolsters their interpretation of the 1986 Act. Section 4 does not affect our disposition of the issues and therefore we need not address it.

"shall become" powers and duties of the City. It would be unreasonable to read this second sentence of Section 2 as meaning that the Board's powers and duties vanish into the powers and duties already held by the City. Such a reading is flawed because it would render the second sentence a meaningless reiteration of the first sentence. *See Porsh Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556 (1981) ("It is well established that a statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage.").[5]

---

[5] Plaintiffs also argue that under *Clayton v. Liggett & Myers Tobacco Co.*, 225 N.C. 563 (1945), for defendant's view to be correct we must determine that the 1986 Act contains an express grant of authority to the City to charge fees for services to be furnished. We disagree. The Court in *Clayton* stated:

> [I]t is a general principle of law that municipal corporations are creatures of the legislature of the State, and that they possess and can exercise only such powers as are granted in express words, or those necessarily or fairly implied in or incident to the powers expressly conferred, or those essential to the accomplishment of the declared objects and purposes of the corporation.

225 N.C. at 566. Here, the legislature specifically stated that the powers and duties of the Board shall become those of the City, and thus if the City acts under any of those powers and duties, then it has not acted beyond the scope of authority granted to it by the legislature. The power to charge fees for services to be furnished is "necessarily or fairly implied in or incident to the powers expressly conferred" by the transfer of the Board's powers to the City. *Id.*

Furthermore, the General Assembly has more recently enacted N.C.G.S. § 160A-4 which provides:

> [P]rovisions . . . of city charters shall be broadly construed and grants of power shall be construed to include any additional and supplementary powers that are reasonably necessary or expedient to carry them into execution and effect: Provided, that

Because we conclude that the language is plain and unambiguous, we need not address the arguments regarding constitutional avoidance, which, as a canon of interpretation, is only employed when there are two or more reasonable meanings of the statutory language at issue. *See Abernethy*, 169 N.C. at 636.

## IV. Conclusion

We conclude the 1986 Act transfers the Board's authority to collect water and sewer fees for services "to be furnished" to the City, and thus, there is no genuine issue as to any material fact with respect to the City's legislative authority to charge these fees to plaintiffs for their developments. Therefore, the City is entitled to partial summary judgment as a matter of law. Accordingly, we reverse the decision of the Court of Appeals.

REVERSED.

Justice BERGER did not participate in the consideration or decision of this case.

---

the exercise of such additional or supplementary powers shall not be contrary to State or federal law or to the public policy of this State.

N.C.G.S. § 160A-4 (2019). Thus, the legislature did not have to specifically name each power and duty of the Board in order to transfer those powers and duties to the City.