**COMMONWEALTH of Kentucky, DEPART-MENT OF REVENUE, ex rel., James E. LUCKETT, Commissioner, etc., Appellants,**

**v.**

**ISAAC W. BERNHEIM FOUNDATION, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

William S. Riley, Norris A. Harmon and James M. Baker, Dept. of Revenue, Frankfort, for appellants.

S. L. Greenebaum, Robert F. Matthews, Greenebaum, Grissom, Doll, Matthews & Boone, Louisville, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment holding that the property of the Isaac W. Bernheim Foundation, Inc., is exempt from ad valorem taxation pursuant to Section 170 of the Constitution of Kentucky which exempts from taxation institutions of purely public charity.

The Isaac W. Bernheim Foundation was incorporated for the following purposes:

"1. To afford means for further development in the people of Kentucky, regardless of race or creed, of love for the beautiful in art, music, and in natural life, and for kindred educational subjects, and to strengthen their love and devotion to the State of Kentucky and the United States, and the institutions which have made possible the development thereof.

"2. To establish and permanently maintain, an arboretum and herbarium for the raising of trees and shrubs, and to distribute, free of charge, through the State of Kentucky, such trees and shrubs grown on the lands of the Corporation in order that the work of the Corporation may add to the beautification of the highways, public parks and places in the State of Kentucky, and also that the Corporation may be an aid to the maintenance of forestration and reforestration of the lands of the State of Kentucky.

"3. To provide a sacred sanctuary for the nondestructive wild birds and wild animal life, in order that their extinction may be prevented.

"4. To establish and permanently maintain an art gallery and to acquire and add thereto from time to time, objects of art, including paintings, statuary, bronzes, procelain, and all other kindred subjects, both modern and antique, which may come under the nomenclature of artistic endeavor.

"5. To establish and permanently maintain, a museum of natural history patterned after and following the general lines of the museum of natural history of New York City. * * * ."

Its Articles provide that the Foundation shall not be operated for any private gain. It is managed by a board of trustees who receive no compensation for their services. The income of the Foundation is derived principally from the Isaac W. Bernheim Trust. Some additional public donations are received.

The Foundation is the owner of fourteen thousand acres of land known as the Bernheim Forest. Approximately two thousand acres of the forest have been developed into a park containing paved roads, lakes, picnic areas, an arboretum containing two-hundred and twenty-five acres, an arboretum center, a nature center, a nature museum, art objects and maintenance buildings.

The forest contains hiking and riding trails and is used by approximately two-hundred and fifty thousand people annually. It is open to the general public free of charge.

It is conceded by the Department of Revenue that the Foundation is an institution and that all of its activities are of a charitable nature. No contention is made that it is restricted to any segment of the public. The objection centers upon the fact that the Foundation has not augmented all of its stated purposes and that its charitable activities are not of the character which fulfill basic human needs such as alleviation of hunger and provision of clothing, shelter and medical care to the poor.

We do not deem it important that the Foundation has not carried out all of its stated purposes. What is more important is that all of the activities of the Foundation are of a charitable nature.

No case has been called to our attention which requires that a charity have as its objective the fulfillment of basic human needs for food, clothing and shelter to qualify as a charity for purposes of tax exemption under Section 170 of the Constitution.

We are mindful that tax exemption deprives the treasury of revenue which must be replenished from other sources and consequently all claims for tax exemptions should be carefully scrutinized.

We do not propose to allow the perpetuation of individual idiosyncrasies in a tax-exempt status under the guise of charity. Nevertheless, we feel that charity is broader than relief to the needy poor and includes activities which reasonably better the condition of mankind. District of Columbia v. Friendship House Association, 91 U.S.App.D.C. 137, 198 F.2d 530 (1952).

The judgment is affirmed.

OSBORNE, C. J., and JONES, MILLI-KEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.