**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, and Maurice O. Carpenter, Commissioner, Department of Revenue, Appellants,**

v.

**LOUISVILLE CHILDREN'S THEATER, INC., Appellee.**

Court of Appeals of Kentucky.

April 21, 1978.

As Modified April 28, 1978.

William S. Riley, William P. Sturm, Legal Staff, Dept. of Revenue, Frankfort, for appellants.

Edwin H. Perry, Ellen M. Pedley, John S. Reed, II, Greenebaum, Doll, Matthews & Boone, Louisville, Kentucky Board of Tax Appeals, Frankfort, for appellee.

Before MARTIN, C. J., and COOPER and VANCE, JJ.

MARTIN, Chief Judge.

■ This is an appeal from a judgment of the Franklin Circuit Court exempting from sales taxation the Louisville Children's Theater, Inc.[1] The trial court determined the Children's Theater to be a nonprofit public charity and an institution of education under Section 170 of the Constitution. We affirm.

The Children's Theater is a Kentucky nonprofit corporation formed in 1948 under the provisions of KRS Chapter 273. The stated purposes were "to educate children in the public and private schools of the City of Louisville and environs by presenting educational plays and theatrical performances." In furtherance of these goals, it has been producing and presenting in cooperation with Louisville area schools, plays and other dramatic performances for children for twenty-nine years. Each year it presents two series of plays, one for children of preschool age through first or second grade and the other for slightly older children of the elementary school level. In the course of staging these performances, children of all ages are given an opportunity to gain experience in acting, in the mechanical aspects of production, such as, set design and construction and costuming, and in theater management. Additionally, more formal educational activities are conducted, including classes for children

---

1. The applicable statute is KRS 139.470. "Exempt kinds of transaction.—There are excluded from the computation of the amount of taxes imposed by this chapter:

(1) Gross receipts from the sale of, and the storage, use or other consumption in this state of, tangible personal property the gross receipts from the sale of which, or the storage use or other consumption of which, this state is prohibited from taxing under the constitution or laws of the United States, or under the constitution of this state."

employing the creative dramatics method of instruction and summer workshops in which classes are given in acting and other aspects of the theater.

Operating funds are derived from two principal sources, the larger being contributions and grants and the smaller being ticket sales. A small amount of income is also derived each year from other miscellaneous sources, including an annual charitable fund-raising event.

In addition to the selling of tickets to the performances of the Children's Theater, a substantial number of free tickets are given to needy children who otherwise would be unable to attend. Children's Theater also presents entirely free performances to special deserving groups. During the 1974–75 season, three special performances were presented solely for about 2,500 handicapped children. Special groups also are admitted without charge to dress rehearsals of the productions.

There are three salaried employees of the Children's Theater, a director, business manager, and technical director. Professional actors and actresses are from time to time employed for the preschool program. All other personnel, including the officers and directors, the cast of all other than preschool productions, the "Cast Force" (an adult group), and the "Company" (a teenage group), volunteer their time and abilities. The members of the latter two groups of volunteers are responsible for such tasks as making scenery and costumes, ushering at performances, and promoting the plays.

The Children's Theater owns no real property; therefore, the only issue on this appeal is whether or not it is exempt from the payment or collection of the sales tax under KRS 139.470.

The trial court, in holding Children's Theater a "purely public charity" exempt from taxation under Section 170 of the Constitution, stated:

. . . [T]he function of the LCT definitely put it within the orbit of those organizations contemplated as charitable by the Court in *Bernheim*. Construed as strictly as you please, the activities of

LCT are well calculated to better the condition of mankind.

In reaching this conclusion, the court followed *Commonwealth v. Isaac W. Bernheim Foundation,* Ky., 505 S.W.2d 762, 763–4 (1974), which held that charity is not just providing necessaries for the poor or unfortunate, but rather it may consist of any activities which will reasonably better the living conditions of mankind generally.

In *Bernheim,* the Department of Revenue argued that the foundation was not an exempt charity because it had not carried out all of its stated charitable purposes and because, in operating a forest, it went beyond the " . . . fulfillment of basic human needs for food, clothing and shelter . . ." 505 S.W.2d at 763. The court in *Bernheim* rejected both arguments and adopted the position that the activities of an exempt charity need only " . . . reasonably better the condition of mankind." 505 S.W.2d at 764.

■ In the present case, the Department's sole and narrow argument is that no organization can be tax exempt as a purely public charity unless it lessens the burden of government. The Department maintains that a series of Kentucky cases, including *Bernheim,* establish that no activity is charitable under Section 170 unless it removes from the Commonwealth the need to provide an activity or service. We do not agree.

As in *Bernheim,* all of the income of Children's Theater is derived primarily from public and private donations and is devoted to charitable endeavors. Both organizations have paid professional staff as well as volunteer directors and workers, the salaries of the staff being an expense of the charity in each case.

In *Banahan v. Presbyterian Housing Corp.,* Ky., 553 S.W.2d 48 (1977), the court held that two nonprofit corporations, owning and operating low and medium income housing for the elderly or physically handicapped, were exempt from taxation as purely public charities. This decision affirms the rationale of the *Bernheim* case

and rejects the argument advanced by the Department in the present case. Both in *Banahan* and the present case, the Department argues that the charging of fees for the use of the charity rendered the activity non-charitable. The court there disagreed as we disagree. The opinion emphasizes that activities of the two charitable corporations paralleled the concern of the state in providing housing programs and other services for the elderly and handicapped.

The decision in *Banahan* reaffirmed the standard for determining a charity under Kentucky law. That test as stated in *Iroquois Post No. 229 v. City of Louisville,* Ky., 309 S.W.2d 353, 354 (1958), is:

First, the institution must itself be a charity and the income from its property must be used to further its charitable purpose; secondly, the property must be employed for a purely charitable purpose.
. . .

The decision in *Bernheim* went on to define the word "charity," 505 S.W.2d at 764:

. . . [C]harity is broader than relief to the needy poor and includes activities which reasonably better the condition of mankind.

We believe that the proof in this case has established that Louisville Children's Theater is a charity under Section 170 and exempt from Kentucky sales taxation. Through programs supporting the arts and theater, the state has indicated its interest in these projects. The projects of the Children's Theater closely parallel these state-funded projects.

The cases that have been decided under Section 170 of the Constitution of Kentucky have at best lacked consistency. While we have found the Louisville Children's Theater exempt from sales taxation because it is a charity, we also believe it qualifies for exemption under the education provision of Section 170.

The test for determining whether a taxpayer is an exempt institution of education under Section 170 was stated in *Kesselring v. Bonnycastle Club,* 299 Ky. 585, 589, 186 S.W.2d 402, 404 (1945), as whether the institution is " . . . a place where systematic instruction in any or all of the useful branches of learning is given by methods common to schools and institutions of learning." This case dealt with the Bonnycastle Club, which was properly denied an educational exemption because it was an exclusive social club with some athletic facilities and was only peripherally concerned with education or charity. The theater on the other hand has been widely accepted as an educational institution. Several states have held theaters exempt based on their educational activities. See *Chester Theater Group v. Borough of Chester,* 115 N.J.Super. 360, 279 A.2d 878 (1971); *Stockton Civic Theatre v. Board of Supervisors,* 66 Cal.2d 13, 56 Cal.Rptr. 658, 423 P.2d 810 (1967); *Community Drama Ass'n. of Des Moines v. Iowa State Tax Com'n.,* 252 Iowa 854, 109 N.W.2d 23 (1961); *Little Theatre of Watertown v. Hoyt,* 7 Misc.2d 907, 165 N.Y.S.2d 292 (1956), aff'd. mem. 4 A.D.2d 853, 167 N.Y.S.2d 240 (1957).

In *Stockton Civic Theatre v. Board of Supervisors, supra,* the court summarized a situation almost identical to the present situation. The court stated at, 56 Cal.Rptr. 660 and 661, 423 P.2d 812 and 813:

The purposes of plaintiff nonprofit corporation, as set forth in its articles of incorporation, are to foster and stimulate interest in drama and music by the production of plays, musicals, light opera, and operettas; to gather, receive, study and disseminate information concerning plays, playwriting, acting, direction and production techniques; and to unite for mutual benefit persons interested in participating in those activities generally carried on by civic theatre groups.

The articles of incorporation also provide that the corporation is formed for purposes other than pecuniary gain, that no dividends or pecuniary profits shall be declared or inure to the members of the corporation, that no financial gain shall accrue to any member in the conduct of the business of the corporation, and that upon dissolution the assets remaining after payment of debts shall be distributed "to any charitable or civic institution or

organization in the sole discretion of the directors."

In 1962 plaintiff acquired a theatre in the City of Stockton which it uses for the production of popular plays and musical comedies. The real estate is used only for the operation of the theatre, and is not employed to benefit any officer, trustee, director, shareholder, member, employee, contributor, or bondholder. All productions in their entirety are produced by persons of amateur standing.

Membership in plaintiff is unrestricted and is obtained by anyone who purchases a season ticket to plaintiff's plays, ordinarily $6 for four plays. In addition plaintiff obtains revenues from the sale of tickets for single performances and from gifts. Plaintiff's financial statements indicate that for its 1962–1963 season approximately one-half of its income was from gifts and for its 1963–1964 season approximately 13 percent of its income was from gifts.

In 1963 the county assessor assessed plaintiff's land and improvements for a total of $5,515, and plaintiff paid the resulting tax of $590.70 under protest and commenced this action.

The basic question involved is whether plaintiff is a corporation organized and operated for charitable purposes within the meaning of section 1c of article XIII of the California Constitution and section 214 of the Revenue and Taxation Code. Secondly, there is involved the question as to whether plaintiff's property is irrevocably dedicated to charitable purposes and upon liquidation will inure to a charitable organization within the requirements of subdivision (6) of the code section.

Section 1c of article XIII provides in part: "In addition to such exemptions as are now provided in this Constitution, the Legislature may exempt from taxation all or any portion of property used exclusively for religious, hospital or charitable purposes and owned by community chests, funds, foundations or corporations organized and operated for religious, hospital or charitable purposes, not conduct-

ed for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual."

The court then held that not only was the theater a charity but further held that the educational purpose may be regarded as a charity. The court stated 56 Cal.Rptr. at pages 662 and 663, 423 P.2d at pages 815 and 816:

(1) Charity is not confined solely to the relief of the needy and destitute.

(2) An educational purpose may be regarded as a charitable purpose.

(3) Activities of the Stockton Civic Theatre for the furtherance of the dramatic arts fall within the term charitable purposes as used in the California Constitution.

We believe that this argument is most persuasive in the present case.

All of the above cited cases dealt with nonprofit community drama groups dedicated to the betterment of the community or some part of it, through the offering of dramatic training and the presentation of dramatic literature. As the court pointed out in the *Chester Theater Group* case, 279 A.2d at 882, a theater group should be exempt when it fulfills, either partially or totally, the community need for the education of children " . . . in the arts . . and offers activities and productions which intellectually and socially advance and benefit not only the individual participants involved but the general public as well."

We were cited to only one older lower court case that disagrees with this conclusion. *Little City Theatre of Dallas v. City of Dallas,* 124 S.W.2d 863 (Tex.Civ.App. 1939). This case can be distinguished on several grounds, primarily that the Dallas City Theatre had as its primary purpose the presentation of plays to the general public for their enjoyment. The theater was operated on the income from ticket sales only. The court held that the theater was not exempt from Texas ad valorem taxes. There was no issue of a charitable exemption as we have in the case of Children's Theater. The only Texas exemption availa-

ble to the theater group was from ad valorem taxes and it did not qualify as an educational unit.

In denying the educational exemption, the Board of Tax Appeals in the present case relied upon the fact that Children's Theater presented its plays and other teaching activities at the schools involved. The Board held that Children's Theater is not a "place" under the *Kesselring* test. We do not believe this record will support that finding. The word "place," which appears in other exemptions of Section 170 of the Constitution, is not used in Section 170 in connection with the educational and charitable institutions which are exempted. The use of the word "place" in the *Kesselring* decision cannot be used to limit the two constitutional exemptions because of the specific language of Section 170. The Board further held under *Kesselring* that dramatics is a special accomplishment which cannot be educational. In Section 170 there is no special accomplishment exception to the institution of education exemption. Indeed, Section 170 contains rather stringent limitations on some of its exemptions while others, like the educational and charitable exemptions, are very broad and open by comparison. This evidences an intention of the drafters not to place such a strict construction on these exemptions.

The judgment of the Franklin Circuit Court is affirmed.

All concur.